[Civ. No. 5264. Second Appellate District, Division One.—October 18, 1926.]

In the Matter of CELESTE EICHELBERGER, a Minor. MARGARET HARRIS et al., Appellants, v. LEONA EICHELBERGER et al., Respondents.

[1] JUVENILE COURT ACT—CUSTODY OF MINOR—PARENT AND CHILD — ABANDONMENT—EVIDENCE.—In this proceeding under section 15 of the Juvenile Court Act to secure an order of court declaring a minor to be free from the custody and control of her parents, the evidence was sufficient to justify the court in deciding that the child had not been abandoned by her parents or left in the custody of petitioner with intent to abandon her.

(1) 31 C. J., p. 993, n. 36; 29 Cyc., p. 1604, n. 60.

APPEAL from a judgment of the Superior Court of Los Angeles County. Harry R. Archbald, Judge. Affirmed.

The facts are stated in the opinion of the court.

John Hyland for Appellants.

Alfred W. Hare for Respondents.

YORK, J.—The above matter came on before the juvenile court on a petition of one Margaret Harris asking that the court find that Celeste Eichelberger, a person of the age of two years on the eighth day of September, 1924, be declared by the court to be free from custody and control of her parents, as provided in section 15 of an act of the legislature of the state of California, entitled, "An Act to be known as the Juvenile Court Law," approved June 5, 1915 (Stats. 1915, p. 1225), and acts amendatory thereto. The petition alleged that on the 20th of September, 1923, said child was given into the custody and control of the petitioner and her husband by the mother of said child, and alleged that the father of said child was then, and at the time of the signing of the petition still was, absent from the state; and alleged "that the mother of said child and her mother, Myrtle Bowers, had stated to petitioner that she could keep the child as her own and that the father of said child had written to them stating that he consented to the same"; that the child was left in the care of the petitioner and her husband, Ralph Harris, by her parents without any provision for her support and without communication from said parents, with the intent on the part of said parents to abandon said person for a period of one year and more, to wit, from the twentieth day of September, 1923, to the time of the filing of the petition; and further alleged that said minor was in the custody and control of the petitioner and her husband at the time of filing the petition.

After a full hearing had in due course, an order was entered by the court wherein it was recited that the action of the mother of the minor in refusing to consent to adoption rebutted "the idea of an intent to abandon"; also, that the action of the husband, after he was informed that the child was not with the mother, was, in his opinion,

"opposed to the idea of an intent to abandon." Thereupon, and for those stated reasons, the court found that there was no intent to abandon and made its order "that the petition should be and it is hereby denied and the petition is dismissed."

[1] The evidence is quite sufficient to justify the court in deciding that the child had not been abandoned by the parents or left in the custody of petitioner with intent to abandon the child. While there is some evidence which might have been sufficient to sustain the contrary finding with respect to the child's mother, the record is wholly wanting in proof of abandonment on the part of the father. It is true that the parents were living apart, the mother in California and the father in the state of Missouri, but there is no evidence that he had deserted his wife or child. As soon as the father received information that the child had been placed with Mrs. Harris he made known his objection thereto. Although the evidence indicates that thereafter the father did not contribute anything to the support of his wife or child, the evidence fails to establish that his separation from them was caused by any fault on his part, or that he was intending to abandon the child to strangers.

The judgment is affirmed.

Conrey, P. J., concurred.