[S. F. No. 12168. In Bank.—April 15, 1927.]

## ANNA M. O'CONNELL, Respondent, v. DANIEL O'CONNELL, Appellant.

[1] RECORD—CERTIFICATE OF CLERK.—Where a transcript on appeal contains in the body thereof a certificate entitled "Clerk's certificate to judgment-roll," which apparently refers to a certain judgment and to certain documents, which constitute the judgment-roll in said action, the documents apparently being the usual documents and files which would properly constitute a judgment-roll, the certificate must be held to refer to and certify only to the correctness of the copies of the documents embodied in the judgment-roll.

[2] ID.—APPEAL FROM JUDGMENT—MOTION TO DISMISS—SUFFICIENCY OF RECORD.—Where the transcript on appeal discloses the judgment-roll and certificate thereto in proper form sufficient to support an appeal from the judgment, a motion to dismiss the appeal will be denied.

[3] ID.—ORDER DENYING NEW TRIAL—NONAPPEALABLE ORDER—MOTION TO DISMISS APPEAL.—An order denying a motion for a new trial in a suit in equity to set aside an interlocutory decree in a divorce action is not an appealable order and a motion to dismiss an attempted appeal therefrom will be granted.

[4] ID.—PROCEEDINGS FOR BILL OF EXCEPTIONS—DISMISSAL.—An appeal from an order of the superior court dismissing proceedings for a bill of exceptions to be used on two appeals must be denied where there is nothing in the record showing such proceedings for a bill of exceptions and no order of the trial court dismissing the same, and no appeal from such order.

(1) 4 C. J., p. 432, n. 52, p. 435, n. 71.   (2) 4 C. J., p. 436, n. 73.
(3) 3 C. J., p. 507, n. 61.   (4) 4 C. J., p. 484, n. 94 New.

MOTION to dismiss appeals from judgments and orders of the Superior Court of the City and County of San Francisco. Walton J. Wood and Kirby S. Mahon, Judges Presiding. Denied in part and granted in part.

The facts are stated in the opinion of the court.

Daniel O'Connell for Appellant.

Keyes & Erskine for Respondent.

RICHARDS, J.—The questions herein presented arise upon the motion of the respondent to dismiss certain appeals. The record contains the papers and proceedings in two separate actions, which are themselves so entangled and which are so much further entangled in the transcript herein as to require some orderly statement of the sequences of this litigation in order to arrive at a proper determination of the motions to dismiss the several appeals referred to in said transcript.

Anna M. O'Connell commenced an action for divorce against Daniel O'Connell on February 29, 1922, in the superior court of the city and county of San Francisco. The defendant appeared in said action by demurrer on June 3, 1922, and upon the overruling of the same on September 8, 1922, he filed his answer on October 7, 1922, denying the allegations of the plaintiff's complaint and also setting forth certain affirmative defenses thereto. The defendant also at the same time presented a cross-complaint, wherein he prayed for a divorce from his wife, and also asked for certain other affirmative relief relating to property of the parties in said action. The plaintiff responded to said cross-complaint in an answer filed October 26, 1922, denying the averments of the several counts therein and reiterating her prayer for the granting of a decree of divorce in her favor. A trial was had upon the issues thus presented, wherein, as it appears from the recitals of the interlocutory decree, neither the plaintiff and cross-defendant nor her attorneys appeared, and wherein the court, after taking evidence offered on behalf of the defendant and cross-plaintiff, made its findings of fact and conclusions of law, and thereupon and on June 3, 1924, made and entered its interlocutory decree of divorce in favor of the defendant and upon his cross-complaint. Thereafter and on May 20, 1925, an order was made by the trial court setting aside and vacating said interlocutory decree of divorce upon the agreement in writing of the parties to that effect as recited in said order. Thereafter and on June 5, 1925, the defendant and cross-plaintiff gave notice of a motion to set aside and vacate the aforesaid order, which motion was based upon the latter's alleged rescission of the agreement upon which said order had been entered. He also in the

201 Cal.—4

same document gave notice of a motion to have said court make and enter a final decree of divorce in favor of himself as cross-plaintiff and in accordance with the findings of fact, conclusions of law and interlocutory decree which had theretofore been made and entered in said action. These latter motions came on for hearing before the court on June 30, 1925; whereupon and after hearing thereon the court made its order vacating, annulling, and setting aside its prior order made upon May 20, 1925, by which it had vacated its interlocutory decree made and entered on June 3, 1924. In the meantime the original plaintiff, Anna M. O'Connell, had commenced another action in equity to set aside the interlocutory decree which had been made and entered in favor of the cross-plaintiff in her original action, to which action the said cross-plaintiff in said original action appeared and answered. This latter action had come on for trial and been tried on July 10, 1925, and on July 23, 1925, the trial court filed its findings of fact and conclusions of law therein, and on the same date made and entered its decree therein, setting aside the interlocutory decree of divorce in favor of the cross-plaintiff, which it had theretofore made and entered in said original action. The court in said decree expressly recited that its purpose in making the same was to restore the parties to the same position as if said interlocutory decree had never been entered in said action. The trial court also and on the same date made and entered its order denying the application for a final decree of divorce, which had theretofore been made by the cross-plaintiff in the original action. On August 17, 1925, the defendant in the second action above referred to gave and filed his notice of appeal from the judgment which had been made and entered in said last-named action on July 23, 1925. On September 1, 1925, the defendant and cross-plaintiff gave and filed a notice of appeal from the order of the trial court denying his motion for a final decree of divorce. On September 22, 1925, the defendant and cross-plaintiff in the original action gave and filed his notice of appeal from seven separate orders which had been theretofore made in the second action above referred to, namely: (1) From an order denying his motion for the transfer of said action for trial before another judge; (2) from the order overruling the demurrer to the

application for an injunction; (3) from an order refusing to strike out a certain affidavit which had been theretofore filed by the plaintiff in said action; (4) from an order issuing a certain special injunction restraining the defendant from doing certain acts during the pendency of the action; (5) from a preliminary injunction which had been made and entered by the court in said action; (6) from an order of said court denying the motion to dissolve said injunction; (7) from an order to show cause why the defendant should not be punished for contempt. On August 10, 1925, the defendant had given and filed in said second action a notice of intention to move for a new trial, which motion came on for hearing on September 18, 1925, before said court, and was, upon the last-named date, denied. The defendant also in the meantime presented a motion to retax costs, which the court had in due course denied. On October 2, 1925, the defendant gave and filed his notice of appeal from the order denying his motion to retax costs. On October 19, 1925, the defendant gave and filed his notice of appeal from the order denying his motion for a new trial. All of the said matters are embodied in the single transcript filed herein. [1] The transcript contains in the body thereof a certificate entitled ''Clerk's certificate to judgment-roll,'' which apparently refers to the judgment made and entered on July 23, 1925, in the second action and to certain documents which, according to the certificate of said clerk, constitute the judgment-roll in said action. The documents thus referred to are apparently the usual documents and files which should properly constitute a judgment-roll, and said certificate must be held to refer to and to certify only to the correctness of the copies of the documents embodied in the judgment-roll. At the close of the transcript there is a further certificate on the part of the clerk entitled ''Clerk's certificate to transcript,'' which is in the usual form of a certification that the papers and orders contained therein are full, true, and correct copies of originals on file in his office. The transcript contains no other certificate or certificates than those above referred to.

Having thus disentangled these numerous appeals and identified the two separate proceedings to which they respectively relate, we may now proceed to consider the re-

spondent's motion to dismiss, which is the only matter thus far submitted for our consideration. For the purpose of determining said motion the transcript herein may be viewed in either one of two aspects: (1) As a transcript on appeal from the judgment and also from the order denying a new trial in the second of the above identified actions; or (2) as a transcript intended to embrace the record on appeal in both of the above-named actions. The respondent has apparently viewed the transcript in the first of these aspects, since her motion to dismiss the appeal or appeals relates only to the second of the aforesaid actions and to the appeals taken by the defendant and appellant therein. The respondent in her motion to dismiss expressly confines the same to action number 158293 in said superior court, which was the action brought by the respondent to set aside the interlocutory decree of divorce granted in the former action for divorce. The respondent herein moves to dismiss:

"1. The appeal from the judgment and decree rendered in the above entitled action.

"2. The appeal from the order of the court denying defendant's motion for a new trial in the above entitled action.

"3. The appeal from the order of the court dismissing the proceedings for a bill of exceptions to be used on the first two mentioned appeals."

Taking up these several motions in their order: [2] (1) The motion to dismiss the appeal from the judgment and decree rendered in said second action must be and is hereby denied for the reason that the record therein discloses that there is a judgment-roll and clerk's certificate thereto in said action, which judgment-roll is embraced between folios 483 and 586, inclusive, in said transcript, and the presence of which judgment-roll and certificate thereto in proper form would suffice to support the appeal from the judgment therein and to defeat the respondent's motion to dismiss said appeal. [3] (2) The respondent's motion to dismiss the appeal from the order denying the defendant's motion for a new trial in said action must be and is hereby granted for the reason that the said order was not an appealable order. [4] (3) The appeal from the order of the court dismissing the proceedings for a bill

of exceptions to be used upon the two last-named appeals must be denied for the reason that we can find in the record herein no such proceedings for a bill of exceptions and no such order of the trial court dismissing the same, and no appeal from any such order.

If, as suggested, this transcript is to be viewed as a transcript on appeal in the action to which the respondent's foregoing motions relate, there would remain no other portion of the transcript to be considered upon defendant's appeal from the judgment than that comparatively small portion thereof which has been identified as being the judgment-roll in said second action. If, on the other hand, this transcript is to be treated as a transcript on appeal in the first of the separate actions above referred to, and to which the first eight appeals of the defendant and cross-plaintiff in said first action relate, it is sufficient at this time to say that the respondent has not in the instant proceeding asserted the insufficiency of such transcript or moved to dismiss said appeals.

Seawell, J., Shenk, J., Curtis, J., Preston, J., and Waste, C. J., concurred.

Langdon, J., being disqualified, did not participate in the foregoing opinion.