[S. F. No. 12168. Department One.—March 5, 1928.]

ANNA M. O'CONNELL, Plaintiff, Cross-Defendant, and Respondent, v. DANIEL O'CONNELL, Defendant, Cross-Plaintiff, and Appellant.

Daniel O'Connell, *in pro. per.*, for Appellant.

Keyes & Erskine for Respondent.

PRESTON, J.—There are before us for consideration appeals in two causes, though in but one transcript. The first is a divorce action begun by the plaintiff, Anna M. O'Connell, against the defendant, Daniel O'Connell, which never ripened into a final decree. The second action is one in equity to impeach for extrinsic fraud the interlocutory decree of divorce granted on the cross-complaint in the above-entitled action for the defendant, Daniel O'Connell. For a complete and more accurate history of this litigation and for a specification of the various appeals taken therein, reference is made to the statement of facts prepared for the court by Mr. Justice Richards when certain motions to dismiss appeals were heard (201 Cal. 48 [255 Pac. 514]).

In the proceeding last referred to, the appeal from the order denying said defendant's motion for new trial in the equity action was dismissed and all other motions to dismiss in the matter were denied. In the divorce action we have an appeal taken on September 1, 1925, by defendant and cross-plaintiff from the order of the trial court denying his motion for a final decree of divorce. On September 22, 1925, said defendant and cross-plaintiff in said divorce action appealed from seven separate orders theretofore made therein, to wit: (1) From an order denying his motion for transfer of said action for trial before another judge; (2) from the order overruling the demurrer to the application for an injunction; (3) from an order refusing to strike out a certain affidavit which had been theretofore filed by the plaintiff in said action; (4) from an order issuing a certain special injunction restraining the defendant from doing certain acts during the pendency of the action; (5) from a preliminary injunction which had been made and entered by the court in said action; (6) from an order of said court denying the motion to dissolve said injunction; (7) from an order to show cause why the defendant should not be punished for contempt.

We have in the equity action an appeal on the judgment-roll alone from the judgment entered therein annulling the interlocutory decree entered in said divorce action. So far as the action in equity is concerned, we have before us none of the evidence or proceedings taken on said judgment, save alone said judgment-roll. This we have ex-

amined carefully and see no reason whatsoever therefrom to disturb the judgment therein and the same is hereby affirmed.

We are without power to consider the other appeals above noted from various orders in the divorce action in the absence of the record provided for by section 953 of the Code of Civil Procedure. The volume called "Transcript on Appeal" contains an indiscriminate lot of papers and affidavits, not one of which is authenticated as having been used in the court below upon the hearing of any of the orders appealed from. Unless a record is prepared pursuant to section 953a of the Code of Civil Procedure the only other method for the authenticating of the documents and evidence used upon a hearing in support of application for an order, is by bill of exceptions duly authenticated as provided by law (*Estate of Broome*, 169 Cal. 605 [147 Pac. 270]; *People v. Terrill*, 131 Cal. 112 [63 Pac. 141]; *Ramsbottom v. Fitzgerald*, 128 Cal. 75 [60 Pac. 522]; *Melde v. Reynolds*, 120 Cal. 234 [52 Pac. 491]; *Harrison v. Cousins*, 16 Cal. App. 515 [117 Pac. 564]).

The said judgment and said orders and all other orders herein appealed from and not mentioned above, if any, are affirmed.

Curtis, J., and Seawell, J., concurred.