[Civ. No. 15373.   Second Dist., Div. Three.   May 27, 1947.]

LAWRENCE ROSENBERG, Appellant, v. JANE
KNESBORO, Respondent.

J. George Bragin for Appellant.

Rosalind Goodrich Bates and Aileen M. MacLymont for
Respondent.

SHINN, Acting P. J.—This action was instituted by Lawrence Rosenberg against Jane Knesboro for the specific performance of an agreement for the sale by defendant to plaintiff of a city lot for the sum of $5,500. Defendant answered, denying the execution of the agreement, denying that the consideration named was the fair and reasonable value of the property, and alleging that she had served a notice of rescission on plaintiff based upon section 1689 of the Civil Code, subdivision 1, which section specifies as grounds for rescission mistake, duress, menace, fraud, and undue influence.   The answer alleged no facts constituting grounds for rescission of the agreement.   Defendant also filed a cross-complaint in which she alleged that on the date of the agree-

ment she was in bed with laryngitis and influenza, that one George Landesman falsely and fraudulently represented to her that the property was of the value of $5,500, and due to its surroundings it would greatly depreciate in value, that he overpowered her will, and that she signed the agreement not understanding or realizing the nature of her act. She alleged that shortly after the date of the agreement, February 9, 1944, she attempted to serve a notice of rescission upon plaintiff but learned that he was absent from the state and would not return until March 25, 1944, and that she served notice of rescission upon plaintiff, Bank of America, and George Landesman on March 14, 1944. On June 12, 1944, she filed an amended cross-complaint alleging that the land was on the date of the agreement worth $6,500, and elaborating somewhat upon the allegations of the original cross-complaint. The amended cross-complaint was served upon plaintiff's attorney June 10, 1944, and affidavit of service was duly made and filed. Plaintiff did not demur to or answer the amended cross-complaint, although he was given extensions of time for that purpose, and his default on the cross-complaint was entered on July 17, 1944. On March 8, 1945, plaintiff filed an answer to the amended cross-complaint. The time had then expired for him to move to vacate the default. The action came on for trial July 24, 1945, and was placed off calendar. On September 27, 1945, on motion of defendant, and on notice, the answer to the amended cross-complaint was stricken out upon the ground that it had not been filed and served within the time allowed by law. On the same day, upon application of plaintiff, an order was issued for the defendant and cross-complainant to show cause why she should not be enjoined and restrained from proceeding with an application for judgment upon the cross-complaint, and why plaintiff's default on the cross-complaint should not be vacated. The ground upon which plaintiff sought the order staying proceedings was that the cross-complaint raised no issue that was not raised by the complaint and the answer, which he claimed placed in issue all the material facts. Upon the hearing of the order to show cause, November 9, 1945, it was discharged and the application was denied. Plaintiff gave notice of appeal from this order.

Although the point is not raised by respondent, we are of the opinion that the order from which the appeal was

attempted is not an appealable order. Plaintiff's application was only a request for a ruling, prior to trial, that the cross-complaint raised no issues in addition to those raised by the complaint and answer. Section 963 of the Code of Civil Procedure provides that appeals may be taken from final judgments and from certain specified orders. The order here is not among those specified. ■ Procedural orders prior to trial, from which no appeal is allowed, are reviewable upon appeal from the judgment. The order in question was certainly not a judgment. A judgment is defined by section 577 of the Code of Civil Procedure as "the final determination of the rights of the parties in an action or proceeding."

■ An adjudication of rights which leaves nothing to be done except to carry it into execution is a final judgment and appealable, but it is not final if further judicial action is required for a complete determination of rights. (*Lyon* v. *Goss,* 19 Cal.2d 659, 670 [123 P.2d 11].)

The denial of plaintiff's application left defendant free to apply for a default judgment on her cross-complaint, but it was not even a determination that she was entitled to judg-ment. The court might even decline to hear her application until the trial of the action or it might decide that the proof which she offered was insufficient to entitle her to a judgment on the cross-complaint. It would seem that the proper procedure would be to bring the case on for trial in order that all matters in issue be heard together and disposed of by a single judgment. In deciding whether her cross-complaint raised new issues, the court no doubt would construe the answer liberally in view of section 3391 of the Civil Code, which specifies conditions under which specific performance cannot be enforced.

Although the nonappealability of the order is not suggested by respondent, it is our duty to dismiss the appeal, and it is so ordered. (*Collins* v. *Corse,* 8 Cal.2d 123 [64 P.2d 137].)

Wood, J., and Kincaid, J. pro tem., concurred.