[Civ. No. 7581.   Third Dist., Apr. 22, 1949.]

Guardianship of the Person and Estate of EDWARD KENNETH ROMINE, a Minor. E. A. ROMINE, Respondent, v. JUSTINE V. PINGREE, Appellant.

Russell A. Harris, John A. Montgomery, Jr., and John R. Couzens for Appellant.

T. L. Chamberlain and William Kinley for Respondent.

THOMPSON, J.—Justine V. Pingree, the former guardian of the person and estate of Edward Kenneth Romine, a minor child, has appealed from a judgment rendered under section 1580, subdivision 8, of the Probate Code, terminating her guardianship on the ground that it is no longer necessary, and restoring the child to the custody of his father.

It is contended the judgment is not supported by the evidence for the asserted reasons that the father is unfit to have the custody and control of his minor child, and that he abandoned the child by consenting to its adoption, and by failure to pay installments for its maintenance.

The respondent is a lieutenant in the United States Navy. During the late war he was engaged in naval battles in the Pacific. He was a survivor of the sinking of the U. S. S. Wasp. He was formerly married to Betty Lee Romine. As the issue of that marriage, the child, Edward Kenneth Romine, was born. The child is 8 years of age. In 1940, this respondent was granted a divorce from his wife Betty, and the custody of the child was awarded to him. For the reason that the father was actively engaged in naval service for the government and, therefore, could not maintain a suitable home for the child during the war, or give it his personal supervision, he consented to the appointment of appellant as guardian. The appellant is not related to the child. She was appointed as guardian October 30, 1942. The respondent agreed to pay her $25 per month for its maintenance, and did so until September, 1943, after he had made demand for custody of the child. After the war was over and he was assigned to land duty and had established a home at Long Beach, he then again demanded custody of the child, which was refused. In the meantime the appellant performed excellent service in properly caring for the child, for whom she acquired genuine love and affection.

After repeated and futile demands for the custody of the child, the father filed the petition in Placer County, October 14, 1947, to terminate the guardianship on the ground that it was no longer necessary, and to recover the custody of the child. The appellant appeared personally and by attorney at the hearing to oppose the application, but failed to file an answer to the petition or written opposition thereto. Oral and documentary evidence was adduced. The court adopted findings to the effect that appellant had been duly appointed guardian with the consent of the father for the reason that he

was then actively engaged in war as a naval officer, and was therefore unable to furnish the child a home or suitable supervision; that the guardian was appointed to act as such "until the war was over"; that the respondent is an officer of the United States Navy, and has now been assigned to shore duty, and has established a suitable home at Long Beach; that he is a fit and proper person to assume the custody and care of his minor child, and that the guardianship of the minor is therefore no longer necessary. Judgment was rendered accordingly, terminating the guardianship and awarding the custody of the child to the father. From that judgment the former guardian has appealed.

■ The findings and judgment are abundantly supported by the evidence. It is true that, in the emergency of respondent's active naval duties during the war, and because he then had no suitable home or opportunity to supply the child with proper care and supervision, he agreed to the appointment of said guardian and to pay her $25 per month for its maintenance; that he then consented that the guardian might adopt the child, which she failed and refused to do; that he paid all installments for maintenance, withholding such payments only after he had demanded and been refused custody of the minor child.

But it is also true that the conditions which existed at the time of the appointment of the guardian have materially changed. The father is now remarried and is living with his present wife at Long Beach, where they have established a home. He has an adequate income to support the child. The court found that he is entirely fit and proper to assume the custody of the child. That finding is supported by substantial evidence, although there is some conflict in that regard. The spouses desire the custody of the child. Although the former guardian is entirely fit and capable of properly caring for the child, as she has done in the past, she is not related to the child. Under such circumstances the father is entitled to the custody of his minor son in preference to such person.

■ When one, other than a parent, has been appointed guardian of a minor child, and a parent subsequently seeks by petition under section 1580 of the Probate Code, to terminate that guardianship as no longer necessary, and to recover custody of his child, the sound discretion of the trial court in terminating the guardianship and in awarding the custody of the child to its father may not be disturbed on appeal when the findings to that effect are supported by proof of the fit-

ness of the father, the best interest of the child and the lack of necessity for continuing the guardianship. (*Guardianship of White,* 84 Cal.App.2d 624, 628 [191 P.2d 466]; *Guardianship of Case,* 57 Cal.App.2d 844 [135 P.2d 681].) In the present proceeding no abuse of discretion on the part of the trial court appears. The evidence is entirely satisfactory that the father is fit and qualified in every respect to assume the custody of his child; that he possesses a suitable home and adequate income; that it is for the best interest of the child, and that there is now no necessity for continuing the former guardianship. Indeed, under the circumstances of this case, we are unable to perceive how the court could have properly determined otherwise. In the White case, *supra,* quoting with approval from *Guardianship of Case, supra,* it is said:

" '. . . Since the father is competent and has therefore the preferential right to have the custody of his child, even though he were impecunious, the court is powerless to maintain the grandmother as guardian of his person.' "

Nor do we think there is merit in appellant's contention, raised for the first time on appeal, that the father abandoned his child by failure to pay the guardian certain installments for maintenance after she refused to surrender custody of the child to him, or by once consenting that she might adopt the child, which she refused to do, or for any other reason appearing in the evidence, or at all.

The issue of abandonment was not raised by the pleadings or at the trial. There was no finding on that subject. It is apparent that if such finding had been adopted it would have been adverse to the appellant. ▮ As a general rule an issue not presented by the pleadings may not be considered for the first time on appeal. (*Munfrey* v. *Cleary,* 75 Cal.App. 2d 779, 784 [171 P.2d 750].) ▮ Where a case has been tried on a definite theory and upon particular issues, a different theory, urged for the first time on appeal, should be disregarded. ▮ There is no showing of abandonment in this case. The intent of the father to abandon the child does not appear. A mere offer under stress and adverse conditions to permit the adoption of a child, which offer is refused, furnishes slight evidence of an intention to permanently abandon the child. The refusal to pay installments of maintenance under the circumstances of this case is not evidence of abandonment. The court found that the father consented to the guardianship only "until the war was over." The father assumed that when the war was over, and the emergency no longer existed,

the guardianship would terminate, and he would be entitled to restoration of the custody of his son. The circumstances of this case clearly indicate that it was not the intention of the father to abandon his child. He was merely seeking proper temporary care of the child in the stress of a disrupted family and the emergency of a world war. Numerous cases hold that the *intention* of a parent to permanently abandon his child must clearly appear before he may be deprived of its custody on that account. (*Estate of Akers,* 184 Cal. 514, 521 [194 P. 706] ; *In re Cordy,* 169 Cal. 150, 154 [146 P. 532, 534] ; *In re Kelly,* 25 Cal.App. 651, 659 [145 P. 156] ; *In re White,* 54 Cal.App.2d 637, 640 [129 P.2d 706] ; *In re Edwards,* 117 Cal.App. 667 [4 P.2d 560] ; *In re Eichelberger,* 79 Cal. App. 525 [250 P. 201] ; 46 C.J. § 206, p. 1349.)

With due respect and full credit for the commendable manner in which the appellant served the best interest and welfare of the child during her guardianship, we are convinced the trial judge properly and lawfully terminated the guardianship and awarded the child to the custody of his father in accordance with the evidence in this case.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.