[Civ. No. 25618. Second Dist., Div. Two. Jan. 19, 1962.]

MILO BARRY, Plaintiff and Respondent, v. WILLARD K. RODGERS et al., Defendants and Appellants.

Willard K. Rodgers, in pro. per., and Arthur Stahl for Defendants and Appellants.

Percy Drabin for Plaintiff and Respondent.

ASHBURN, J.—Defendants Willard K. Rodgers and Rachel L. Rodgers purport to appeal from an order denying their motions to vacate and set aside a default and a default judgment.

Plaintiff brought an action against appellants Rodgers and numerous other defendants for false arrest, false imprisonment and malicious prosecution. The case against the other defendants was disposed of by dismissal and summary judgment, and they are not here involved.

Each of the appellants, on May 18, 1955, filed a timely answer to the first amended complaint, denying generally all allegations. Prior thereto a demurrer to the complaint had been filed by other defendants (county employees). This demurrer having been sustained, plaintiff filed and apparently served his second amended complaint on June 20, 1955. Appellants did not answer this pleading and on June 28, 1955, their default was entered by the clerk. On January 9, 1957, the court heard the evidence of plaintiff, at the conclusion of which a minute order was made: ''Judgment is ordered for plaintiff for the sum of $6000.00. Plaintiff is directed to prepare the judgment. The clerk is ordered to enter the decree.''

The motion of appellant Willard K. Rodgers to vacate default was filed on November 14, 1960. This appellant avers that he first became aware of the default and the default judgment on September 7, 1960, when he received a telephone call from the Royal Howard Collection Agency. On December 8, 1960, this ruling was made: ''In this matter heretofore submitted, the court now makes its order: Defendant's motion is denied. Counsel notified by mail.'' The record shows Willard K. Rodgers appearing in propria persona in the matter. On December 20, 1960, he filed his notice of appeal from this order, and the clerk's transcript was accordingly prepared and filed.

Rachel L. Rodgers, on June 21, 1961, through counsel requested and was granted permission to file a supplemental clerk's transcript, said supplemental record to consist of her

notice of appeal which had not been included in the appeal record of Willard K. Rodgers. Her supporting declaration states that "on January 17, 1957, plaintiff obtained a default judgment against my husband and myself," and that she filed a "Notice of Motion to Vacate Default Judgment" which motion was denied; that her husband, Willard K. Rodgers filed a request for clerk's transcript on appeal which she thought would be sufficient for both appeals. However, in her application for leave to augment she did not request the inclusion of anything other than her notice of appeal. Except as stated in her aforesaid declaration, the record does not show that a motion to vacate was ever filed by her, there is no affidavit on her behalf in support of such a motion, and, as indicated, the order of December 8, 1960, purports only to be a denial of the motion of Willard K. Rodgers. Obviously, the appeal of Rachel L. Rodgers must be dismissed for want of supporting record (authorities *infra*).

In his supporting affidavit, Willard K. Rodgers states that default judgment "was given January 9, 1957 and was filed January 14, 1957." However, no default judgment is found in the record.

No direct appeal lies from an order denying a motion to vacate a default; whether or not the default was properly entered is a question to be determined in a proper attack upon the judgment. (*Reher* v. *Reed*, 166 Cal. 525 [137 P. 263, Ann.Cas. 1915C 737]; *Pickerill* v. *Strain*, 196 Cal. 683, 685 [239 P. 323]; *Rosenberg* v. *Knesboro*, 80 Cal.App.2d 36, 37-38 [180 P.2d 750]; *Kester Motors, Inc.* v. *Haddad*, 109 Cal. App.2d 369, 373 [240 P.2d 1011].) And no such judgment is in the record. It is fundamental to appellate review that the judgment which is challenged must be included in the record before the reviewing court. (*San Diego Inv. Co.* v. *Crane*, 40 Cal.App. 393, 394 [180 P. 837]; *Savings & Loan Soc.* v. *Meeks*, 66 Cal. 371, 374 [5 P. 624]; *Conley* v. *Apablasa*, 42 Cal.App.2d 565, 567 [109 P.2d 367]; *Supple* v. *Luckenbach*, 45 Cal.App.2d 734, 735 [114 P.2d 734]; *Curran* v. *Giometti*, 20 Cal.App.2d 405, 406 [66 P.2d 1260]; *Kimple* v. *Conway*, 69 Cal. 71, 72 [10 P. 189]; *Valley Lbr. Co.* v. *Struck*, 146 Cal. 266, 271-272 [80 P. 405]; *O'Connell* v. *O'Connell*, 201 Cal. 48, 52-53 [255 P. 514]; *Lewis* v. *Fowler*, 80 Cal.App. 717, 721 [252 P. 786]; 3 Cal.Jur.2d § 258, p. 778.)

"An appellate court is not required to pass on any question not presented by the record on appeal. The burden is upon the appellant to present a record which will

enable the appellate court to review and correct alleged errors and in the absence of a proper record, the appeal will be dismissed." (*Altman* v. *Poole,* 151 Cal.App.2d 589, 593 [312 P.2d 6].)

■ Appellant Willard K. Rodgers' "Request for Clerk's Transcript on Appeal" makes no reference to any such judgment, and the record furnished contains everything which counsel for appellant requested. The clerk was not required to include the judgment, if one there was. (Rule 5(d)). "Presumably, the attorney for the appellants directed the clerk to include in the record all of the instruments and documents which he deemed proper and necessary." (*Esparza* v. *Kadam, Inc.,* 182 Cal.App.2d 802, 807-808 [6 Cal.Rptr. 450].)

■ The parties stipulated that said record is "a full, true and correct transcript, and that the papers in said transcript are the papers, and all of the papers, used or considered in the determination of the matter appealed from herein."

If the stipulation of counsel is correct, then this statement from *Savings & Loan Soc.* v. *Meeks, supra,* 66 Cal. 371, 374, is pertinent: "But there is no copy of such a judgment in the transcript, and the court may have denied the motion on the ground that no such judgment had been entered and docketed. Therefore, the appeals from the alleged judgment and order must be dismissed."

If there was such a judgment in the record before the trial judge when he considered this motion, then "there was manifestly an omission of portions of the moving papers, which are necessary to understand the action of the Court." (*Glidden* v. *Packard,* 28 Cal. 649, 650-651.)

■ While the Rules on Appeal no longer require the complete judgment roll to be included in the record in all cases (see rule 5(d)), they give no indication of an intention to sanction the omission of those papers which are indispensable to review of the order or judgment which is under attack. ■ Nor does rule 52 cure the fatal defect we are now discussing. It does not "do away with the necessity of affirmatively showing error, and if no error appears on the face of the partial transcript the appellate court will not presume that if the whole transcript had been presented some error would appear." (*Palpar, Inc.* v. *Thayer,* 83 Cal.App.2d 809, 811 [189 P.2d 752].) Accord: *Utz* v. *Aureguy,* 109 Cal. App.2d 803, 807 [241 P.2d 639]; *Kabzenell* v. *Stevens,* 168 Cal.App.2d 370, 376 [336 P.2d 250]; *Hawke* v. *Burns,* 140 Cal.App.2d 158, 169 [294 P.2d 1008].

The appeal of Willard K. Rodgers must be dismissed for want of a sufficient supporting record. There is no proof that a default judgment was in fact entered against him.

Both appeals are dismissed.

Fox, P. J., and Herndon, J., concurred.

Petitions for a rehearing were denied February 14, 1962.