ASHBURN, J.
 

 Presented together in this court, as below, are three proceedings directed to the custody of an infant whose birth certificate names her as Maria de la Luz Diaz. One is a proceeding in habeas corpus brought by the child’s mother, Virginia Y. Salazar, on October 14, 1960; another is a petition filed on January 3, 1961, by Mrs. Josefina M. Diaz, under section 701, subdivision (a), Welfare and Institutions
 
 [1]
 
 to have said child declared free from the custody and control of her mother because of abandonment, etc.; the third is a proceeding brought by Mrs. Josefina M. Diaz for adoption of the child without the consent of the mother upon the ground that the child had been abandoned for a period of one year or
 
 *104
 
 more by her said mother. The trial judge ruled with the mother in each matter and Mrs. Diaz and her husband, Ruben O. Diaz, appeal from each order or judgment and “from all orders, judgments and rulings of the above-entitled court in said matter.” Though these proceedings were heard together in the trial court, separate findings and judgment were made in each case.
 

 The appeal from the order denying petition for adoption (No. 25908) has not been perfected in such manner as to permit of its determination upon the merits. The clerk’s transcript consists of (1) notice of appeal; (2) notice of motion for stay of execution of the court’s order declaring restoration of the custody of the little girl to her mother, Virginia Y. Salazar, forthwith; and (3) request for clerk’s and reporter’s transcripts. The request for clerk’s transcript in this adoption matter calls for “the petition for writ of habeas corpus, the answer thereto and the traverse and findings of fact, conclusions of law and judgment, and all papers, records and documents which constitute the judgment roll.” The document ends with the following note to the reporter: “As this matter was joined for trial with Cases A 5042 and TIC 73452, it will not be necessary to duplicate the transcripts on appeal but one transcript will be sufficient, as all of the foregoing matters were joined together for trial.” So the clerk gave counsel a transcript which contains no petition for adoption, no notice of hearing thereon and no findings or order denying adoption.
 
 [2]
 

 Such a record does not afford any basis for review. It is fundamental to appellate review that the order or judgment which is challenged must be included in the record before the reviewing court.
 
 (San Diego Inv. Co.
 
 v.
 
 Crane,
 
 40 Cal.App. 393, 394 [180 P. 837];
 
 Savings & Loan Soc.
 
 v.
 
 Meeks,
 
 66 Cal. 371, 374 [5 P. 624] ;
 
 Conley
 
 v.
 
 Apablasa,
 
 42 Cal.App.2d 565, 567 [109 P.2d 367];
 
 Supple
 
 v.
 
 Luckenbach,
 
 45 Cal.App.2d 734, 735 [114 P.2d 734];
 
 Curran
 
 v.
 
 Giometti,
 
 20 Cal.App.2d 405, 406 [66 P.2d 1260];
 
 Kimple
 
 v.
 
 Conway,
 
 69 Cal. 71, 72 [10 P. 189];
 
 Valley Lumber Co.
 
 v.
 
 Struck,
 
 146 Cal. 266, 271-272 [80 P. 405];
 
 O’Connell
 
 v.
 
 O’Connell,
 
 201 Cal. 48, 52-53 [255 P. 514];
 
 Lewis
 
 v.
 
 Fowler,
 
 80 Cal.App. 717, 721 [252 P. 786] ; 3 Cal.Jur.2d § 258, p. 778.)
 

 
 *105
 
 “ An appellate court is not required to pass on any question not presented by the record on appeal. The burden is upon the appellant to present a record which will enable the appellate court to review and correct alleged errors and in the absence of a proper record, the appeal will be dismissed.”
 
 (Altman
 
 v.
 
 Poole,
 
 151 Cal.App.2d 589, 593 [312 P.2d 6].)
 

 In the habeas corpus proceeding (No. 25907) the court upon the basis of appropriate fact findings concluded: “1. That petitioner is a fit person to have the custody of the minor; 2. That the interests and welfare of the minor will be best served in the care, custody and control of petitioner, the minor’s natural mother; 3. That petitioner at no time abandoned said minor child; 4. That pursuant to the provisions of the Civil Code, Section 200 thereof,
 
 [3]
 
 petitioner is entitled to the custody of said minor.” The court ordered “that respondents Ruben O. Dias and Josefina M Dias aka Ruben 0. Diaz, and Josefina M Diaz restore the custody of the minor Maria de La Luz Dias aka Maria de La Luz Diaz to the petitioner Virginia Y. Salazar forthwith.”
 

 In the proceeding under section 701, subdivision (a), Welfare and Institutions Code (No. 25909) the court found that said child was of “the age of 3 years on June 17, 1960; that said person is not a person defined in subdivision (a) of said section, in that the minor Maria de Luz Mendez Diaz has been illegally detained by petitioners since the birth of said minor, against the will and wishes of her mother, Virginia Y. Salazar ; that petitioners have resisted all efforts of said mother to regain custody of said minor continuously since the child’s birth; . . . and there is not a scintella of proof that said person has at any time since the birth of said minor had any intention to abandon her said minor child.” It adjudged the child “not to be a person within the provision of section 701, subdivision (a) of the Welfare and Institutions Code and that the petition is denied.”
 

 The story is a drab one. Apparently Virginia Y. Salazar was never married to any man; this child was illegitimate, as were four other children previously borne by Miss Salazar and two more born after Maria, mostly begotten by different men and supported largely by public aid. Maria was born on June 17,1957. According to evidence favorable to respondent
 
 *106
 
 Miss Salazar was very ill and unconscious by the time the delivery was completed; while she was in this condition Mrs. Diaz bundled the little girl and took her to the Diaz home where she remained until the habeas corpus was granted (except for occasional instances in which respondent and Jose Jimenez, the father of the child, took her on an outing of some kind, returning her to the Diaz home) ; the birth certificate prepared by the attending midwife, Marie Duchien, stated the child to be that of Mr. and Mrs. Diaz and gave her name as Maria de la Luz Diaz. There was a square conflict in the evidence as to whether this was done pursuant to arrangement with respondent or done without her knowledge or consent. Likewise there was substantial conflict upon almost every other issue in the case, such as the question of whether the mother told the Diazes she did not want the child and would give it to them, or whether they said they would take it and keep it until the mother could repay them the expenses of the birth; whether the mother visited the child regularly; whether or how often she requested or demanded the return of the little girl to her; whether a small medal she gave the child originally bore the initials MLJ or MLD (J for Jimenez or D for Diaz), or whether the Diazes caused an original J to be changed to D, etc.
 

 The briefs of counsel concern themselves principally with á discussion of the conflicting evidence and the correct inferences to be drawn therefrom. Having ascertained the existence of substantial conflict a court of review has exhausted its function. “ [T]he power of an appellate court
 
 begins
 
 and
 
 ends
 
 with the determination as to whether there is any substantial evidence contradicted or uncontradieted which will support the finding of fact. [Citations.]
 

 “ When two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. [Citations.] ”
 
 (Primm
 
 v.
 
 Primm,
 
 46 Cal.2d 690, 693-694 [299 P.2d 231].)
 

 These rules prevail in custody, section 701, subdivision (a) and similar proceedings, as well as in other matters. (See
 
 Guardianship of Turk,
 
 194 Cal.App.2d 736, 738-739 [15 Cal.Rptr. 256];
 
 In re Gano,
 
 160 Cal.App.2d 700, 705 [325 P.2d 485];
 
 In re Barton,
 
 168 Cal.App.2d 584, 588 [336 P.2d 210].) These cases emphasize the fact that the question of intention involved in an abandonment charge is one of fact subject to the rule which precludes the weighing of the evidence by
 
 *107
 
 a court of review. In
 
 Guardianship of Rutherford,
 
 188 Cal.App.2d 202, 208 [10 Cal.Rptr. 270], it is said: “It should be noted that either, an offer to permit the adoption of a child
 
 (Guardianship of Romine, supra,
 
 91 Cal.App.2d 389, 393 [205 P.2d 733];
 
 Guardianship of Minnicar,
 
 141 Cal.App.2d 703, 705, 708 [297 P.2d 105]); making arrangements for placement
 
 (Matter of Schwartz,
 
 171 Cal. 633, 635 [154 P. 304]); mere acquiescence in support by others
 
 (Matter of Forrester,
 
 162 Cal. 493, 496 [123 P. 283];
 
 Estate of Akers, supra,
 
 184 Cal. 514, 521 [194 P. 706]); or failure to pay for maintenance when no demand therefor has been made
 
 (Estate of Akers, supra,
 
 184 Cal. 514, 521;
 
 Matter of Schwartz, supra,
 
 171 Cal. 633, 636), or no ability to provide is shown
 
 (In re Green, supra,
 
 192 Cal. 714, 719 [221 P. 903];
 
 Guardianship of Kerns, supra,
 
 74 Cal.App.2d 862, 868 [169 P.2d 975]), by itself, does not prove an intent to abandon. Moreover, acts of a temporary nature are not sufficient upon which to base a finding of a permanent abandonment.
 
 (Guardianship of Snowball, supra,
 
 156 Cal. 240, 243 [104 P. 444];
 
 Guardianship of Romine, supra,
 
 91 Cal.App.2d 389, 394.) ”
 

 In the circumstances here existing it is not our province to review the soundness of the trial judge’s decision.
 

 The appeal' in the adoption matter, No. 25908, is dismissed. The judgment in the habeas corpus proceeding, No. 25907, is affirmed. The judgment in the proceeding brought under section 701, subdivision (a), Welfare and Institutions Code, No'. 25909, is affirmed. The attempted appeals from “all orders . . . and rulings of the above entitled court in said matter” are dismissed in each of cases Nos. 25907 and 25909.
 

 Fox, P. J., and Herndon, J., concurred.
 

 [1]
 

 This section was transferred to § 232, Civil Code, by the 1961 legislature.
 

 [2]
 

 At the oral argument in tliis court it was stipulated that the quotations from Supplemental Report of Los Angeles County Bureau of Adoptions which appear at pages 22-24 of appellant’s opening brief are correct quotations from said report.
 

 [3]
 

 3Civ. Code, 5 200: “The mother of an illegitimate unmarried minor is entitled to its custody, services, and earnings.”