136 Cal.App.3d 708 (1982)
186 Cal. Rptr. 430
Guardianship of M.S.W., a Minor.
L.M.W. et al., Petitioners and Respondents,
v.
L.A.W. et al., Objectors and Appellants.
Docket No. 64284.
Court of Appeals of California, Second District, Division Five.
October 19, 1982.
*709 COUNSEL
Basile & Keep and Alfred R. Keep for Objectors and Appellants.
Mark Stone for Petitioners and Respondents.
OPINION
ASHBY, J.
The paternal grandparents appeal from an order terminating their guardianship over the minor child and restoring custody of the child to the natural parents.
*710 The minor, M.S.W. (hereinafter the child), was born to respondents (hereinafter parents) L.M.W. (hereinafter father) and C.L.W. (hereinafter mother) on December 22, 1977. After the birth of the child, parents, who had been living together unmarried, were financially unable to take care of the child. They took the child to the home of father's parents (hereinafter grandparents), appellants L.A.W. (hereinafter grandfather) and E.S.W. (hereinafter grandmother). The child had a respiratory illness and needed careful watching, which grandmother provided.
The parties then agreed that grandparents should be appointed as guardians for the child so they would have authority to secure medical care, to make the child a dependent on grandfather's medical insurance, and to make the child a dependent of grandparents for tax purposes since grandparents were providing the child's support. With the consent of parents, grandparents were appointed as guardians on May 10, 1978.
On March 2, 1981, when the child was three and a half years old, parents petitioned the court to terminate the guardianship (Prob. Code, § 1601), alleging that circumstances had changed and that they could now properly care for the child, and requesting that custody be returned to them.
At a hearing on the petition held April 6, 1981, parents and a social worker testified in support of the petition; grandparents and two brothers of father testified against. After submission the trial court ordered that the guardianship be terminated and made its findings of fact and conclusions of law, including, "At the time of said named minor's birth, the natural parents, Petitioners, were unmarried and financially unable to care for said named minor and the guardianship was established. [¶] The Petitioners are presently married, the natural father is currently employed, the natural mother has been employed and is currently seeking further employment, and the Petitioners currently have the facilities and resources for the proper care and support of the minor child. [¶] Petitioners are fit and proper persons to have custody of said minor child. [¶] It is no longer necessary that the minor have a guardian. [¶] It is in the minor's best interest to terminate the guardianship. [¶] To continue the guardianship would be detrimental to the minor's interest and her relationship with her natural parents."[1]

*711 SUBSTANTIAL EVIDENCE
(1) Contrary to the suggestion in grandparents' brief, the findings of fact and conclusions of law clearly support termination of the guardianship. (Prob. Code, § 1601.)[2] Grandparents' main objection to the findings is that the evidence does not support the findings. However, under well-established principles of appellate review, substantial evidence supports the trial court's order.
Parents' petition to terminate the guardianship was bitterly opposed below. Grandparents and father's brothers had many bad things to say about parents. If the trial court had believed this testimony, the court would have been justified in refusing to terminate the guardianship; but parents presented conflicting evidence denying or explaining the allegations made against them. The credibility of the witnesses and the conflict in the evidence was solely for the trial court to resolve, and the trial court believed the evidence favoring parents. On appeal, our function is very limited. We cannot reweigh the evidence; we must view the evidence in the light most favorable to the judgment, giving every reasonable inference which could be drawn from the evidence in support of the judgment. If there is any substantial evidence which supports the trial court's ruling, we must uphold the order. (In re Volkland (1977) 74 Cal. App.3d 674, 678-679 [141 Cal. Rptr. 625].)
Grandparents argue that parents had shown little interest in the child and had not visited often, that parents' marriage was unstable, that parents' employment was unstable, that the child had been upset by parents' recent visits, and that parents had been involved in using and selling marijuana and cocaine. All this was contradicted by other evidence. Parents had a joint income of $13,000 in 1980. Father was employed throughout 1980 at an auto radio store and was employed at the time of the hearing as a plant security guard earning $4.25 an hour. Mother had a substantial employment history and was looking for work, having been laid off her last two jobs only when the employers went out of business. Parents had separated briefly and father had even filed for divorce in September 1980, but the divorce had been taken off calendar and parents resumed living together and stated they had worked out most of their problems. Moreover, they testified that the main cause of their marital problems was the refusal of grandparents to allow them adequate visitation with the child. The social worker who had interviewed parents and grandparents corroborated this, *712 stating that in her opinion grandparents had made it very, very difficult for parents to visit and communicate with the child. She found that parents tried to visit the child and did not abandon the child. The court could also reasonably conclude that the child's nervousness toward parents on several court ordered visitations was attributable to the conflict between grandparents and parents and to parents' overly abrupt announcement to the child that they intended to take her away from grandparents. Finally, the court could discount the evidence of use and sale of drugs because for the most part it was several years old, the social worker testified she saw no evidence of current drug involvement, and mother testified that she and father were no longer involved in it. All these issues and conflicts in the evidence were thoroughly considered by the trial court, and substantial evidence supports the court's resolution of these issues in favor of parents. No abuse of discretion has been shown. (See Guardianship of Romine (1949) 91 Cal. App.2d 389, 392-393 [205 P.2d 733]; Guardianship of Davis (1967) 253 Cal. App.2d 754, 763-764 [61 Cal. Rptr. 297].)

MEDIATION
(2) Finally, grandparents contend that the court committed reversible error in failing to refer the matter to a counselor for mediation prior to trial pursuant to Civil Code section 4607. There is no merit to this contention, because section 4607 is inapplicable to these proceedings.
Civil Code section 4607, subdivision (a), provides: "Where it appears on the face of the petition or other application for an order or modification of an order for the custody or visitation of a child or children that either or both such issues are contested, as provided in Section 4600, 4600.1 or 4601, the matter shall be set for mediation of the contested issues prior to or concurrent with the setting of the matter for hearing. The purpose of such mediation proceeding shall be to reduce acrimony which may exist between the parties and to develop an agreement assuring the child or children's close and continuing contact with both parents after the marriage is dissolved. The mediator shall use his or her best efforts to effect a settlement of the custody or visitation dispute."(Italics added.)
Since the language of this section is mandatory, its application should not be extended further than intended by the Legislature. As indicated by the express statement in subdivision (a), the purpose of this provision is to reduce the conflict between parents when they are contesting with each other an issue of custody or visitation involving their child, so as to promote the child's continuing contact with both parents after a marriage is dissolved. (Review of Selected 1980 California Legislation (1980) 12 Pacific L.J. 309.) It is found among the provisions dealing with custody *713 of children after the parents have separated or dissolved their marriage. (Civ. Code, § 4600 et seq.) Section 4607 was enacted in 1980 along with other provisions establishing a family conciliation court (Stats. 1980, ch. 48, § 5, p. 133; 12 Pacific L.J., supra; see Code Civ. Proc., § 1730 et seq.), to deal with disputes between parents or spouses. (Code Civ. Proc., §§ 1760, 1761, 1763, subd. (a).)
The instant case does not involve a controversy between the parents over custody of the child. Here the parents are married and they jointly seek to terminate the guardianship by the grandparents in order to regain the custody of their child within the traditional family unit. Whether or not voluntary mediation might have been helpful to resolution of the conflict between parents and grandparents, it was not required by Civil Code section 4607.
Grandparents point out that certain provisions of Civil Code section 4600 have been held applicable to guardianship proceedings. Civil Code section 4600 establishes, for "any proceeding where there is at issue the custody of a minor child," an order of preference to whom custody should be awarded "according to the best interests of the child" and further requires in subdivision (c) that "[b]efore the court makes any order awarding custody to a person or persons other than a parent, without the consent of the parents, it shall make a finding that an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interests of the child...." Probate Code section 1514, subdivision (b), provides that in appointing a guardian of the person the court is governed by the provisions of Civil Code section 4600, and Guardianship of Marino (1973) 30 Cal. App.3d 952, 958 [106 Cal. Rptr. 655], holds that in appointing a guardian other than the parent the court must make the findings required by Civil Code section 4600, subdivision (c). This does not mean, however, that other provisions of the laws relating to custody of children in marital disputes, such as Civil Code section 4607, are applicable in a proceeding by parents under Probate Code section 1601 to terminate a nonparental guardianship over their child.
The order terminating the guardianship is affirmed.
Feinerman, P.J., and Hastings, J., concurred.
NOTES
[1] The order terminating the guardianship was stayed pending appeal, with provision for parents' visitation rights. The stay was not, as contended by grandparents, for an indefinite period.
[2] Probate Code section 1601 provides: "Upon petition of the guardian, a parent, or the ward, the court may make an order terminating the guardianship if the court determines that it is no longer necessary that the ward have a guardian or that it is in the ward's best interest to terminate the guardianship...."