Filed 6/27/25  Clayborn v. Marmureanu CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KIMBERLY CLAYBORN, | B337156 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV42457) |
| v. | |
| ALEXANDER R. MARMUREANU, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Theresa M. Traber, Judge.  Affirmed.

Law Offices of Theida Salazar and Theida Salazar for Plaintiff and Appellant.

Wood, Smith, Henning & Berman, David J. Rubaum, Ryan P. Deane; Cole Pedroza, Kenneth R. Pedroza and Paul D. Kind for Defendant and Respondent.

_____

Kimberly Clayborn sued Alexander Marmureanu, M.D., for medical malpractice. The trial court granted Dr. Marmureanu's motion for summary judgment. Clayborn appealed the ensuing judgment. She maintains that she "has properly asserted and proven her claims." Clayborn presented no evidentiary record for review. We must presume that the record before the trial court supports the judgment.

Parties must present "admissible evidence" to support and oppose summary judgment. (Code Civ. Proc., § 437c, subd. (d).) We review the record de novo to determine if triable issues of material fact exist. (*Shin v. Ahn* (2007) 42 Cal.4th 482, 499.) We are foreclosed from conducting appellate review here.

Our review depends on the appellant's compliance with the prerequisite of supplying a record. "A fundamental principle of appellate practice is that an appellant ' "must affirmatively show error by an adequate record. . . . 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent.' " ' " (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 [failure to provide an adequate record requires the appellate court to resolve issues against the appellant].)

Clayborn's notice designating the record on appeal indicated that she would *not* provide an appellant's appendix for this court's review. Instead, she requested preparation of a clerk's transcript; however, she did not ask the clerk to include relevant documents—the complaint, the motion for summary judgment, her opposition to the motion, and the evidence in support of or against summary judgment. (Cal. Rules of Court, rule 8.122(a), (b)(3)(A)–(B) [notice must designate documents in a

clerk's transcript, which must include documents filed in court and exhibits admitted in evidence].)[1]

Clayborn's brief lacks citations, owing to her failure to designate necessary documents for inclusion in the clerk's transcript. A party must support every factual assertion in a brief with a citation to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1079.) "An appellate court is entitled to disregard unsupported factual assertions." (*Delta*, at p. 1079; *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239; see *Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5 ["The claimed existence of facts that are not supported by citations to pages in the appellate record . . . cannot be considered by this court."]; *Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1267 [court disregards "unsupported factual assertions even on de novo review of a summary judgment."].)

The statements of appellant's attorney are not evidence. (See *Muller v. Reagh* (1959) 170 Cal.App.2d 151, 154–155 [a court cannot rely on assertions in appellant's brief that are not shown by the record].) We may not "review 'evidence' that purportedly is contained in the *briefs.*" (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154; *Weller v. Chavarria* (1965) 233 Cal.App.2d 234, 246 [a court "will disregard statements of alleged facts in the briefs on appeal which are not contained in the record."].)

In December 2024, counsel tried to file an appellant's appendix, which was rejected because he had designated a clerk's

---

[1] Respondent augmented the record with the ruling on the motion for summary judgment, which summarizes the evidence relating to medical malpractice, but is not proof of anything.

transcript. When his filing was rejected, counsel did not request augmentation to provide a complete record for review. Instead, he went forward with an inadequate clerk's transcript. After the case was fully briefed, this court notified counsel that the record is inadequate for review. At that point, it was too late to augment the record.

Shortly before oral argument, appellant offered a new opening brief with what appear to be citations to her complaint and her statement of disputed material facts. The complaint and the separate statement are not admissible to prove a fact. (Code Civ. Proc., § 437c, subd. (p)(2) [plaintiff "shall not rely upon the allegations . . . of its pleadings to show that a triable issue of material fact exists"]; Cal. Rules of Court, rule 3.1350(f)(2)–(3) [the separate statement must state why a fact is controverted, and cite the evidence in support of that position, with references to the exhibit, title, page and line numbers].)[2]

It is not respondent's burden to show error or provide a record for review. (See *Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230 [appellant has the burden to show error on appeal by pointing out triable issues with citations to the record].) If appellant had promptly asked to augment the record in December 2024, respondent could have cited evidence in his brief. At this late date, respondent cannot be required to pay for the preparation of a new brief as punishment for the lapses of appellant's counsel.

---

[2] The trial court ruled that Clayborn's separate statement was "defective" because it "rests entirely on bulk citations" to her exhibits and was "little more than a vague gesture toward the entire opposition."

4

The trial court sustained respondent's objections to the entire declaration of Clayborn's medical expert, then ruled that Clayborn presented no admissible evidence to support her claim of malpractice. The court wrote that the expert (a cardiologist) was unqualified to testify about cardiac surgery; his declaration lacked foundation because he did not review Clayborn's surgical records; and he did not state that respondent caused Clayborn's injury.

The standard of medical care and breach of it are established by experts. (*Avivi v. Centro Medico Urgente Medical Center* (2008) 159 Cal.App.4th 463, 467; *Massey v. Mercy Medical Center Redding* (2009) 180 Cal.App.4th 690, 694–695.) Summary judgment may be granted if a motion is supported by an uncontradicted declaration that the doctor's conduct fell within the standard of care. (*Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 984–985.) Once the trial court found that the declaration of Clayborn's expert was inadmissible, it had to grant summary judgment for respondent.

Clayborn's counsel did not provide us with documents that "are indispensable to review of the order or judgment which is under attack." (*Barry v. Rodgers* (1962) 199 Cal.App.2d 298, 302.) Under the circumstances, we must presume that the record before the trial court supported all of its reasons for granting respondent's motion for summary judgment.

**DISPOSITION**

The judgment is affirmed.  Respondent is entitled to recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

NOT TO BE PUBLISHED.


                                    LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

6