[Civ. No. 20703. First Dist., Div. Two. Oct. 23, 1963.]

JOHN B. EHMAN, Plaintiff and Respondent, v. LOUIS MOORE et al., Defendants and Appellants.

Louis C. Moore, in pro. per., Hudson, Martin, Ferrante & Street and Peter J. Coniglio for Defendants and Appellants.

Hoge, Fenton, Jones & Appel and Charles H. Page for Plaintiff and Respondent.

SHOEMAKER, J.— Defendants Louis C. and Eduarda S. Moore appeal from a money judgment for plaintiff John B. Ehman in an action to recover on a promissory note.

Appellants' sole contention is that the trial court erred in terminating the trial and ordering judgment for respondent before appellants had had an opportunity to complete their defense. Under this general assignment of error, appellants specify that the trial court improperly ruled that the parol evidence rule precluded it from receiving appellants' proffered evidence bearing upon three separate defenses: (1) that the promissory note sued upon was a mere sham or artifice and of no binding effect, (2) that there was a failure of consideration for the execution of the note, and (3) that respondent procured the execution of the note by means of false and fraudulent representations. Due to the state of the record on appeal, appellants' position cannot be sustained.

The reporter's transcript reveals the following: respondent testified to the execution, delivery and nonpayment of the note, except for a certain specified sum. Appellant Louis C. Moore then took the stand on his own behalf and testified that the note had been executed as a result of an oral agreement between himself, respondent, and one Grant, all of whom were then shareholders, officers and directors in the Cemco corporation. It was agreed that the three men would purchase all of the Cemco stock owned by Mr. Redding, a fourth shareholder who had instituted proceedings to compel dissolution of the corporation. Since appellant Moore, who served as attorney for the corporation, did not have sufficient

funds to cover his portion of the stock, respondent agreed to loan him the necessary sum in return for the promissory note subject of this action. All three men further agreed, in their capacity as corporate directors, that appellant Moore's retainer as attorney for the corporation would be increased from $75 to $300 per month. Of this amount, $100 per month was to be held back by the corporation and applied against the principal of the note. When the corporation subsequently became bankrupt, respondent commenced the instant proceeding on the note.

In addition to appellant Moore, the corporate bookkeeper, Mr. Mocettini, was also called as a witness for the defense. He testified that respondent had instructed him to withhold a specified amount from appellant Moore's monthly retainer and credit it against the note.

At the conclusion of Mocettini's testimony, appellant Moore was recalled to the stand, and his direct testimony was concluded. Respondent's counsel then asked several questions on cross-examination. At this point in the reporter's transcript appears the notation "(Argument by counsel)," which is followed immediately by the trial court's statement, "I see no other alternative but to grant judgment to plaintiff against defendants. . . ."

The record above summarized contains no indication whatever that the trial judge brought the trial to a premature conclusion or that he rejected any offer of proof by appellants. The reporter's transcript, while indicating that argument by counsel did ensue, sheds no light on the subject of that discussion and clearly lends no support to appellants' contention that they made three separate offers of proof which the court rejected as violative of the parol evidence rule.

Appellants were well aware of this deficiency in the record presented to us as early as June 6, 1962, for prior thereto they had by motion sought corrections in the transcript, which motion was abandoned and no further action taken. Appellants' proper remedy, upon learning of the unavailability of portions of the transcript, was to obtain a settled statement of the oral proceedings prepared by the parties and settled by the judge who heard the matter, or an agreed statement prepared by the parties and consisting of a condensed statement of the relevant proceedings. (Cal. Rules of Court, rules 4, 6, 7*; *Le Font* v. *Rankin* (1959) 167 Cal.

---

*Formerly Rules on Appeal, rules 4, 6, 7.

App.2d 433, 436-437 [334 P.2d 608].) Appellants failed to utilize either procedure and have provided this court with a record which is wholly inadequate to enable it to review the error complained of.

█ It is settled that a ground for reversal which is based upon facts outside the record is not available on appeal. (*Firemen's Ins. Co.* v. *Indermill* (1960) 182 Cal.App.2d 339, 341-342 [6 Cal.Rptr. 469]; *Chenoweth* v. *Office of City Clerk* (1955) 131 Cal.App.2d 498, 500 [280 P.2d 858].) █ Matter which does not appear in the record may not be considered by an appellate court upon the suggestion of counsel in their briefs. (*Bank of America* v. *Dowdy* (1960) 186 Cal. App.2d 690, 695 [9 Cal.Rptr. 779]; *Datta* v. *Staab* (1959) 173 Cal.App.2d 613, 617 [343 P.2d 977].) █ In order to obtain a reversal of the judgment, the appealing party must furnish the reviewing court with a record which affirmatively demonstrates that the trial court ruled erroneously to his prejudice. (*Guardianship of Blair* (1958) 163 Cal.App.2d 319, 323 [328 P.2d 986]; *Finnegan* v. *Finnegan* (1944) 64 Cal.App.2d 109, 111 [148 P.2d 37].) █ "In the absence of a contrary showing in the record, all presumptions in favor of the action of the trial court will be indulged by an appellate court." (*Alexander* v. *McDonald* (1948) 86 Cal. App.2d 670, 671 [195 P.2d 24].) █ Where the appellant fails to provide the reviewing court with a record enabling it to review and correct alleged errors, the appeal will be dismissed. (*In re Salazar* (1962) 205 Cal.App.2d 102, 105 [22 Cal.Rptr. 770]; *Barry* v. *Rodgers* (1962) 199 Cal.App.2d 298, 301-302 [18 Cal.Rptr. 723]; *Altman* v. *Poole* (1957) 151 Cal. App.2d 589, 593 [312 P.2d 6].)

█ For the reasons discussed, the appeal is dismissed.

Agee, J., concurred.

A petition for a rehearing was denied November 12, 1963, and appellants' petition for a hearing by the Supreme Court was denied December 18, 1963.