Filed 10/28/15  Protech Technical Services v. Vavala CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PROTECH TECHNICAL SERVICES, INC. et al., <br><br> Cross-defendants and Respondents, <br><br> v. <br><br> BRUNO VAVALA, JR., <br><br> Cross-complainant and Appellant. | B256677 <br><br> (Los Angeles County Super. Ct. No. SC097366) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard A. Stone, Judge.  Affirmed.

Bruno Vavala, Jr., in pro. per., for Cross-complainant and Appellant.

Law Offices of Eric G. Anderson and Daniel Y. Chang for Cross-defendants and Respondent.

# I.  INTRODUCTION

Cross-complainant, Bruno Vavala, Jr., appeals from a February 14, 2014 order denying his petition to vacate the arbitration award in favor of cross-defendants, Protech Technical Services, Inc. and Andrew Lisowski.  Cross-complainant argues the arbitration award should be vacated because his rights were substantially prejudiced by the arbitrator's refusal to grant a hearing continuance and to hear material evidence.  We affirm the order under review.

# II.  BACKGROUND

## A.  Cross-Complaint

On March 7, 2008, Calcanusa Construction, Inc., a general contractor, sued cross-complainant to foreclose on a mechanic's lien.  Plaintiff also asserted causes of action for contract breach, fraud and common counts.  The complaint alleges plaintiff was owed $22,763.00 for demolition and preliminary construction of a single family house owned by cross-complainant.

Subsequently, cross-complainant filed a cross-complaint against a number of parties, including plaintiff and Mr. Lisowski (cross-defendants).  Cross-complainant asserts contract breach and negligence claims against cross-defendants.  Cross-complainant alleges cross-defendants breached their agreement with him by providing a substandard set of structural plans containing numerous errors.  The cross-complaint alleges:  "Those errors included, but were not limited to, failing to incorporate shear walls that ran from the foundation to the roof, attempting to change a five-foot rough window opening to a five-foot rough door opening, incorrectly incorporating an eight-foot garage door where there was only enough room for a standard seven-foot garage door, and

2

incorporating the finish floor of the house to be one inch above the front sidewalk, and failing to include significant beams for support of the master bedroom."

## B. Arbitration

On September 18, 2008, cross-defendants filed their petition to compel arbitration pursuant to an arbitration agreement with cross-complainant. On January 13, 2009, the trial court ordered arbitration of the cross-complaint against cross-defendants but stayed it pending the outcome of the court action. Subsequently, the cross-complaint was submitted to binding arbitration.

On August 15, 2013, the arbitrator, Alan R. Jampol, conducted the arbitration hearing. On August 19, 2013, the arbitrator issued an arbitration award in favor of cross-defendants. The arbitrator found cross-complainant's claim rested upon accusations by the general contractor of shortcomings in cross-defendants' performance and plans. The arbitration award states, "However, without the testimony of the general contractor, the bulk of the communications was inadmissible for lack of foundation and hearsay, the merit in any of the accusations simply could not be established, and [cross-complainant] himself cannot testify as to such merit or the details of how the plans produced by [cross-defendants] were arguably insufficient." In addition, the arbitrator found the report and testimony of cross-complainant's engineer expert, Jonathan Chikhale, were insufficient to establish cross-defendants' plans were defective or below the standard of care. The arbitration award states: "[Cross-complainant's expert] did not bring his file, submit calculations, or provide any evidentiary support for his conclusions, which in any event were minimal. All he testified was, in substance, that he did some calculations as to certain beams and came up with different solutions than had been specified by [cross-defendants]. There is no basis for any opinion by Mr. Chikhale, as he produced no calculations, did not explain how [cross-defendants'] were incorrect, and totally failed to account for the fact that the structural components had already been constructed

3

inconsistent with the [cross-defendants'] plans when the issue was first raised by the general contractor." The arbitrator concluded cross-complainant failed to make a sufficient showing of breach of duty, causation and damages. The arbitration award does not mention a request by any party to continue the arbitration hearing.

## C. Cross-complainant's Petition to Vacate Arbitration Award

On November 25, 20013, cross-complainant filed his petition to vacate the arbitration award pursuant to Code of Civil Procedure[1] section 1286.2, subdivision (a)(5). Cross-complainant argued his rights were substantially prejudiced by the arbitrator's refusal to grant his continuance request. He also contended he was substantially prejudiced by the arbitrator's refusal to hear evidence which was material to the controversy. Cross-complainant submitted a brief declaration in support of his petition. The brief declaration states in part: "Mr. Jampol refused to accept most of the material evidence being offered by me in support of [my] claim as being [in]admissible allegedly for lack of foundation and hearsay, such as the various correspondence between Calcanusa and I wherein we had a lengthy discussion regarding the deficiencies in [cross-defendants'] architectural plans, which according to them contributed to the delay in the prompt completion of work. Mr. Jampol further refused to accept the testimony of my expert witness, Jonathan Chikhale, an engineer, on the ground that he did not bring his files to support his calculations and conclusions. He also would not acknowledge the total monies I paid over and above the original contract price when in fact Pro-Tech could not produce any invoice to the contrary. He also would not acknowledge the building card from Santa Monica claiming that the plans were not buildable. I requested Mr. Jampol to continue the hearing in order for Mr. Chikhale to produce his files as well as allow me to bring additional witnesses, who would testify as [to] my communications

---

[1] Future statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

with Calcanusa, but Mr. Jampol refused." Nothing in cross-complainant's declaration demonstrates how he was prejudiced by any evidentiary ruling made during the arbitration.

In opposition, cross-defendants argued cross-complainant did not request a continuance of the arbitration hearing. Cross-defendants also contended cross-complainant failed to establish his request for a continuance was supported by good cause. In addition, they argued cross-complainant failed to make an offer of proof to show the purported refusal resulted in substantial prejudice. In support of their opposition, cross-defendants submitted declarations from Mr. Lisowski and their counsel, Kenneth Rutan. Both Mr. Lisowski and Mr. Rutan stated cross-complainant did not move for a continuance during the arbitration hearing. Mr. Rutan observed the arbitrator asking cross-complainant for supporting evidence. And the arbitrator sometimes gave examples of the types of evidence that would support cross-complainant's arguments. Mr. Rutan denied the arbitrator excluded any evidence offered by cross-complainant.

D.  Trial Court Ruling

At the February 14, 2014 hearing, the trial court denied cross-complainant's petition to vacate the arbitration award. The trial court ruled cross-complainant failed to prove the arbitrator's evidentiary rulings were prejudicial. In addition, the trial court found credible Mr. Lisowski's and Mr. Rutan's assertions under oath that cross-complainant never asked the arbitrator to continue the arbitration hearing. The trial court also found there was nothing in the arbitrator's ruling that suggested cross-complainant made a request for a continuance and that request was denied.

## III. DISCUSSION

### A. Inadequate Record

On April 24, 2015, we requested the parties to brief whether cross-complainant's failure to designate a reporter's transcript or suitable substitute warrants affirmance based on the inadequacy of the record. In response, cross-complainant argues the absence of a reporter's transcript does not render the record inadequate. He contends the trial court's decision was based on oral argument (a record of which he has failed to provide) and the parties' declarations. We disagree.

A judgment or order is presumed to be correct and appellant has a duty to provide the reviewing court with an adequate record to demonstrate error. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494; *Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 58.) In numerous situations, courts have refused to reach the merits of an appellant's claims because appellant failed to provide a reporter's transcript of a pertinent proceeding or a suitable substitute. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and minor consented to informal adjudication]; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1672 [no record of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [attorney fee award affirmed where trial transcript not provided]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [no reporter's transcript of surcharge hearing]; *Hodges v. Mark* (1996) 49

Cal.App.4th 651, 657 [nonsuit motion affirmed where reporter's transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Hernandez v. City of Encinitas* (1994) 28 Cal.App.4th 1048, 1076-1077 [preliminary injunction hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent etc., Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385 [order denying preliminary injunction dissolution affirmed based on lack of reporter's transcript]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 711-712 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [argument to jury not in reporter's transcript]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462-463 [failure to secure reporter's transcript or settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 9-10, disapproved on another point in *Posner v. Grunwald-Marx, Inc.* (1961) 56 Cal.2d 169, 183 [no reporter's transcript of hearing ordering arbitration].) As we have no idea what occurred during the hearing, the result of which cross-complainant challenges, the record is inadequate.

### B.  No Request to Continue Arbitration Hearing

As noted, cross-complainant challenges various aspects of the trial court's rulings. Even though no suitable substitute for a reporter's transcript has been supplied, based on the record provided, cross-complainant's challenges have no merit. Section 1286.2, subdivision (a)(5) states: "Subject to Section 1286.4, the court shall vacate the award if the court determines any of the following: . . . [¶] (5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."  Section 1286.2, subdivision (a)(5) is a safety valve that permits a

court to intercede when an arbitrator has prevented a party from fairly presenting its case. (*SWAB Financial, LLC v. E\*Trade Securities, LLC* (2007) 150 Cal.App.4th 1181, 1196 (*SWAB Financial*); *Hall v. Superior Court* (1993) 18 Cal.App.4th 427, 439.) A section 1286.2, subdivision (a)(5) vacatur petition requires the trial court to determine whether the arbitrator abused her or his discretion in refusing to continue the arbitration hearing. Further, the trial court must evaluate whether the moving party suffered substantial prejudice. (*SWAB Financial, supra,* 150 Cal.App.4th at p. 1198.) We review the trial court's order de novo where the facts are undisputed. (S*WAB Financial, supra,* 150 Cal.App.4th at p. 1196; *Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 55.) Here, the pertinent facts concerning the continuance issue are in sharp dispute. To the extent the trial court's ruling rests upon a determination of disputed facts, we review for substantial evidence. (S*WAB Financial, supra,* 150 Cal.App.4th at p. 1196; *Malek v. Blue Cross of California, supra,* 121 Cal.App.4th 44 at pp. 55-56.)

Substantial evidence supports the trial court's finding that cross-complainant did not request a continuance of the arbitration hearing. The arbitration award does not mention a request by any party to continue the arbitration hearing. In addition, both Mr. Lisowski and Mr. Rutan stated cross-complainant never asked the arbitrator for a continuance during the arbitration hearing. The trial court found their testimony to be credible. The credibility of witnesses and the weight to be given their testimony are matters within the sole province of the trial court. (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 884; *DiQuisto v. County of Santa Clara* (2010) 181 Cal.App.4th 236, 261.) The reviewing court does not reweigh the evidence, consider the credibility of witnesses or resolve conflicts in the evidence. (*Manson v. Shepherd* (2010) 188 Cal.App.4th 1244, 1264; *Estate of Young* (2008) 160 Cal.App.4th 62, 76.) Here, the trial court could reasonably rule the arbitrator did not abuse his discretion in denying a request to continue the arbitration hearing where cross-complainant did not ask for one.

C. No Substantial Prejudice from the Arbitrator's Evidentiary Rulings

Generally, the merits of an arbitrator's decision are not subject to judicial review. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11; S*WAB Financial, supra,* 150 Cal.App.4th at p. 1196.) Our Supreme Court explained: "More specifically, courts will not review the validity of the arbitrator's reasoning. [Citations.] Further, a court may not review the sufficiency of the evidence supporting an arbitrator's award. [Citations.] [¶] Thus, it is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 11; accord, S*WAB Financial, supra,* 150 Cal.App.4th at p. 1196.) A challenge to an arbitrator's evidentiary rulings is not a basis for vacating an award unless the error substantially prejudiced a party's ability to present material evidence. (§ 1286.2, subd. (a)(5); *Schlessinger v. Rosenfeld, Meyer & Susman* (1995) 40 Cal.App.4th 1096, 1110.) To find substantial prejudice, the court must accept the arbitrator's legal theory and conclude he or she would have made a different award had the evidence been considered. (*Schlessinger v. Rosenfeld, Meyer & Susman, supra,* 40 Cal.App.4th at p. 1111; *Hall v. Superior Court, supra,* 18 Cal.App.4th at p. 439.)

Cross-complainant fails to show he was substantially prejudiced by the arbitrator's evidentiary rulings. Cross-complainant was permitted to fairly present his side of the dispute. According to Mr. Rutan, the arbitrator even asked cross-complainant for supporting evidence. Further, the arbitrator gave examples of the types of evidence that would support cross-complainant's arguments. Cross-complainant asserts the arbitrator refused to accept the testimony of an engineer, Jonathan Chikale. The asserted ground for the evidentiary ruling was that Mr. Chikale failed to bring his files to support his calculations and conclusions. But the arbitration award identifies numerous other reasons why the arbitrator did not rely on Mr. Chikale's testimony. The arbitration award states: "[Mr. Chikale] did not bring his file, submit calculations, or provide any evidentiary

9

support for his conclusions, which in any event were minimal. All he testified was, in substance, that he did some calculations as to certain beams and came up with different solutions than had been specified by [cross-defendants]. There is no basis for any opinion by Mr. Chikale, as he produced no calculations, did not explain how [cross-defendants'] calculations were incorrect, and totally failed to account for the fact that the structural components had already been constructed inconsistent with the [cross-defendants'] plans when the issue was first raised by the general contractor."

Cross-complainant also contends the arbitrator failed to acknowledge cross-defendants could not produce an unidentified invoice. According to cross-complainant, he paid more money than the contract price. And cross-defendants failed to produce an unspecified invoice to contradict cross-complainant's contention concerning overpayments. In addition, cross-complainant argues the arbitrator did not consider a city building card, which allegedly shows errors in cross-defendants' plans. But in the underlying arbitration, cross-complainant had the burden of proof. The arbitrator ruled cross-complainant failed to make a sufficient showing of breach of duty, causation and damages. Cross-complainant failed to submit any offer of proof to show a more favorable award would have been returned if cross-complainant's evidence had been considered differently. And even if we accept cross-complainant's contentions, his brief evidentiary showing is insufficient to demonstrate the state of the facts and any ensuing prejudice resulting from any evidentiary rulings. There is no basis for vacatur of the arbitration award because the cross-complainant has not proven he was substantially prejudiced by any evidentiary rulings.

## IV.  DISPOSITION

The order denying the petition to vacate the arbitration award is affirmed.  Cross-defendants, Protech Technical Services, Inc. and Andrew Lisowski, shall recover their costs on appeal from cross-complainant, Bruno Vavala, Jr.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


I concur:


KRIEGLER, J.

11

Protech Technical Services, Inc. et al. v. Bruno Vavala, Jr.

B256677

MOSK, J., Concurring

I concur.

I concur in the result. I do not agree that there was an inadequate record. The trial court specifically rested its ruling on the papers submitted to it. No one suggests that anything material occurred at the hearing. California Rules of Court, rule 8.120(b) requires a record of oral proceedings only if an appellant "intends to raise any issue that requires consideration of the oral proceedings in the superior court." (See *Chodos v. Cole* (2012) 210 Cal.App.4th 692, 699; see also *Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1034, fn. 5.) Appellant here did not rely on anything that took place during the oral proceedings. In addition, the respondent never raised the issue of an inadequate record, thereby forfeiting that issue. This court raised the issue on its own.

Nevertheless, I concur in the judgment.


MOSK, J.