Filed 5/4/22  M.C. v. J.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| M.C., | C092211 |
| Plaintiff and Respondent, | (Super. Ct. No. SDR-00-43957) |
| v. | |
| J.M., | |
| Defendant and Appellant. | |

After holding a hearing, the trial court issued a domestic violence restraining order against J.M. to stay away from M.C., the father of her child.  (Fam. Code, § 6200 et seq.)  J.M., representing herself, appeals the order.

We are unable to provide a statement of the facts supporting the order because J.M. has not provided an adequate record of those proceedings.  She has provided a clerk's transcript of some of the filings in the case but no reporter's transcript or similar summary of the trial court's oral proceedings.  An appellant has the burden to provide a

1

record on appeal adequate to review the appellant's contentions. (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 623, fn. 1.)

J.M. now contends (1) the trial court erred by admitting evidence that had not been served on her, (2) she had never met the court commissioner who presided over the proceedings, (3) the domestic violence restraining order is not in the best interests of the parties' child, and (4) we should vacate the trial court's order for lack of evidence, sanction M.C. with six months of jail time, grant her permanent custody of the child, and transfer the case to Los Angeles County. We conclude J.M. forfeited consideration of these contentions because she has failed to follow appellate rules and provide a proper and persuasive brief and record on appeal.

We will affirm the order.

PRELIMINARY MATTERS

Most of J.M.'s statements of fact and procedure throughout her opening brief will not be considered because she fails to provide proper and accurate citations to the record on appeal to support the statements. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Liberty National Enterprises, L.P. v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846.) For example, J.M. makes numerous allegations about what happened at the hearing before the commissioner -- what was submitted as evidence, what was said, what contentions were made -- but she does not provide us with a reporter's transcript of that hearing or some appropriate alternative, such as a settled statement. (Cal. Rules of Court, rules 8.134, 8.137; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462.) We must therefore disregard every statement of fact or procedure that is not accompanied by a citation to the record on appeal supporting the statement.

J.M. accuses M.C. of misconduct in multiple ways, amounting to what she terms "legal abuse," but she does not substantiate the accusations with citations to the record. J.M. also claims she "happen[s] to know" that the Placer County court "partially approves" every request for a temporary restraining order. We disregard all of these

unsupported allegations and accusations because J.M. does not substantiate them. We are not at liberty to base our decision on unsubstantiated allegations and accusations. (Cal. Rules of Court, rule 8.204(a)(2)(C); *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102.)

J.M. also makes various assertions of error throughout her brief, many of which do not appear under an appropriate heading describing the error. All arguments not made under a heading or subheading summarizing the argument are forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179.)

Furthermore, J.M. largely fails to cite to binding statutory or precedential authority in support of her arguments. Failure to provide authority forfeits appellate contentions. (*People ex rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 38.) In instances where she provides a citation to authority, J.M. fails to explain how that authority requires reversal of the domestic violence restraining order. Although J.M. cites to and quotes from various journal and magazine articles concerning domestic abuse and the courts, the articles bear no legal weight absent reference to binding statutes and precedents.

J.M.'s self-representation does not alter these appellate rules. "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure. [Citations.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

J.M. asserts that the law and court processes are flawed with respect to litigation and application of domestic violence restraining orders, especially for those who must represent themselves in these matters. While we understand the difficulties faced by self-represented litigants, we must follow the controlling laws and rules. Suggested changes to the law and rules should be directed to the legislature and rulemaking bodies. (See

3

*Consolidated Rock Products Co. v. Los Angeles* (1962) 57 Cal.2d 515, 522 [legislative determinations left to Legislature].)

Although M.C. did not file a respondent's brief, that does not relieve us of the constitutional duty to reverse only if prejudicial error is shown. (Cal. Const., art. VI, § 13; *Warford v. Medeiros* (1984) 160 Cal.App.3d 1035, 1041-1042.) As will be seen, none is shown here.

With these rules of appellate review in mind, we turn to J.M.'s contentions on appeal.

## DISCUSSION

### I

J.M. contends the trial court erred by admitting evidence that had not been served on her. However, without a record of the hearing, we cannot determine what evidence was admitted and what objections were made, let alone whether admission of such evidence was prejudicial. The contention is therefore forfeited.

### II

J.M. next contends she had never met the court commissioner who presided over the proceedings. J.M. offers no evidence supporting this contention other than an allegation in her opening brief, but in any event, we are unaware of any requirement that she meet the commissioner prior to the hearing or that such a circumstance prevents the issuance of a domestic violence restraining order.

### III

J.M. further contends the domestic violence restraining order is not in the best interests of the parties' child, but her allegations in this regard are not supported by citation to the record on appeal or to applicable authority. The contention is therefore forfeited.

4

IV

Finally, in the conclusion to her opening brief, J.M. asks us to vacate the trial court's order for lack of evidence, sanction M.C. with six months of jail time, grant her permanent custody of the child, and transfer the case to Los Angeles County. As J.M. has failed to assert these matters under a heading or establish supporting evidence and legal cause for any such relief, her requests fail.

## DISPOSITION

The domestic violence restraining order is affirmed. The parties will bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


                                              /S/
                                    MAURO, J.



We concur:



     /S/
BLEASE, Acting P. J.



     /S/
ROBIE, J.

5