Filed 10/21/25  Zhang v. Tang CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DALONG ZHANG, | H052742 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 24CH012826) |
| v. | |
| HAOYU TANG, | |
| Defendant and Respondent. | |

Plaintiff Dalong Zhang appeals from an order denying his request for a civil harassment restraining order against defendant Haoyu Tang, who was a customer of plaintiff's business.  (See Code Civ. Proc., § 527.6.)[1]  At the hearing on the request for a restraining order, plaintiff testified and defendant made a motion for nonsuit.  Although the court initially granted the motion for nonsuit, the court also indicated that, regardless of any ruling on the motion for nonsuit, plaintiff failed to meet his burden of proving by clear and convincing evidence that he was entitled to a restraining order.  (See *id.*, subd. (i).)

On appeal, plaintiff contends that the trial court erred in excluding certain evidence at the hearing.  He also argues that the court "prematurely" granted the nonsuit motion before he could complete his case.  Finally, plaintiff contends that a nonsuit

---

[1] Unspecified statutory references are to the Code of Civil Procedure unless otherwise indicated.

motion may be inappropriate in a civil harassment restraining order proceeding, and that the court otherwise erred in granting the motion in this case.

Governed by long-standing principles of appellate review that we will explain below, we will affirm the order. We will also deny a motion for sanctions on appeal by defendant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Plaintiff's Request for a Civil Harassment Restraining Order*

Plaintiff filed an initial request for a civil harassment restraining order.[2]

Two weeks later, plaintiff filed an amended request for a civil harassment restraining order. He signed the amended request under penalty of perjury. (See Judicial Council Form CH-100.)[3] Plaintiff stated that defendant harassed him on multiple occasions. Plaintiff believed that the harassment stemmed from defendant wanting a refund for a purchase that defendant had made at plaintiff's store.

According to plaintiff, defendant thereafter came to the store in September 2023, "stormed" into plaintiff's office and blocked his exit. Defendant also blocked the store entrance and verbally harassed customers and employees.

According to plaintiff, he "issued a full refund to [defendant] through Venmo" in October 2023. However, on August 10, 2024, defendant and five others came to plaintiff's store. Defendant forcibly entered plaintiff's office, engaged in verbal harassment, and obstructed customers from entering the store. Defendant and the others refused to leave until police arrived.

---

[2] Plaintiff's initial request is not contained in the record on appeal.

[3] Defendant contends that plaintiff's amended request for a civil harassment restraining order and defendant's subsequent written response, both of which were signed under penalty of perjury, may not be considered on appeal because they were never admitted into evidence. However, a November 18, 2024 minute order indicates that the trial court considered the parties' "written declaration" in making its ruling on plaintiff's request for a restraining order. It thus appears from the record that the court considered the parties' declarations as part of the evidence in this case.

In the most recent incident on August 26, 2024, defendant was in the parking lot of plaintiff's store and was apparently served with "legal papers" related to another civil case between them. Defendant became angry, and he confronted plaintiff and the general counsel for plaintiff's business. At some point, according to plaintiff, defendant "threatened to use his SUV to run us over." As plaintiff and the general counsel tried to leave, defendant "aggressively accelerated his SUV, briefly attempting to intimidate or harm" them. Another individual was also in the vehicle with defendant. Defendant "summoned his friends and then called the police."

Plaintiff was "deeply concerned for [his] physical, mental, and emotional safety."

Based on plaintiff's initial request for a civil harassment restraining order, the trial court granted a temporary restraining order.

Defendant filed a response to plaintiff's request for a restraining order. In the response, which was signed under penalty of perjury (see Judicial Council Form CH-120), defendant denied that he harassed plaintiff.

Defendant stated that he visited plaintiff's business in June 2023. During the visit, according to defendant, plaintiff took defendant's phone and used Venmo to send himself (plaintiff) money for products that defendant did not "affirmatively order[]." When defendant later sought a refund, plaintiff refused. Defendant and others successfully sued plaintiff's business in small claims court.

After still not receiving payment, defendant and others visited plaintiff's store on August 10, 2024. Plaintiff told them to leave, and they complied.

On August 26, 2024, plaintiff's counsel contacted defendant to arrange a meeting for payment. They met at the parking lot near plaintiff's business. However, plaintiff's counsel offered only a partial refund and served defendant with a civil lawsuit. Defendant returned to his vehicle. As he was driving through the parking lot, he saw plaintiff. Defendant "decided to stay and call law enforcement so they could document what was occurring." Defendant denied threatening to use his vehicle to harm plaintiff

3

and denied "aggressively accelerat[ing] his SUV in an attempt to intimidate or harm" plaintiff.

**B.** *Hearing*

The trial court held a hearing on November 4 and 18, 2024, regarding plaintiff's request for a civil harassment restraining order. No court reporter was present on either date.[4] The record on appeal regarding the hearing is limited to the following: (1) a minute order for the November 18, 2024 proceeding, and (2) the trial court's November 19, 2024 written order denying plaintiff's request for a civil harassment restraining order.

According to the minute order for the November 18, 2024 proceeding, plaintiff and defendant were assisted by Mandarin language interpreters. Plaintiff testified on direct examination by his counsel and was also questioned by the trial court.

According to the minute order, the following events then occurred at the hearing:

"Plaintiff's counsel . . . requested the Court to continue the trial to allow him time to retain an interpreter to prepare a transcription from [M]andarin to [E]nglish language in Plaintiff's video exhibit. Defense counsel . . . objects to this request.

"No objection by [defense counsel]. [Plaintiff's counsel] provides the Court with his laptop. The Court is reviewing the video (audio off) presented by Plaintiff's counsel . . . ."

Plaintiff continued testifying on direct examination. The trial court also asked further questions. The minute order for the November 18, 2024 proceeding then reflects the following: "No cross examination by Defense counsel. [¶] No further witnesses to be called by the Plaintiff. Plaintiff's submitted. [¶] No witnesses to be called by the

_____

[4] As a result, there is no certified transcription of the proceedings (RT) in this case. Although plaintiff in his opening brief repeatedly cites to the "RT," it is apparent that he is actually referring to the clerk's transcript (CT). Further, it is apparent that some of plaintiff's citations in the opening brief are in the format of "page - line number," e.g., "13-5" refers to CT page 13, line 5.

Defense. Defense counsel . . . makes an oral motion for nonsuit, pursuant to [section 581c]. [¶] The matter is argued. [¶] Closing argument by [plaintiff's counsel.] [¶] Closing argument by [defense counsel]. [¶] Both parties have submitted."

According to the minute order, shortly thereafter, the court issued the following oral decision: "After the Court having heard testimony and arguments from counsel/parties and written declaration by the parties, the Court finds that the Plaintiff has not met the burden of proof in this matter and DENIES the request for a Restraining Order. Defense counsel . . . makes an oral motion for nonsuit [which] . . . is granted. The Court stated that even if Defense counsel did not make the oral motion pursuant to [section 581c], the Court stands by [its] ruling that Plaintiff failed to meet their burden."

The court indicated that it would prepare a written order.

## C. *Trial Court's Written Order*

The next day, the trial court filed a written order denying plaintiff's request for a civil harassment restraining order. In the order, the court stated that in reaching its ruling, it had "considered the pleadings filed" and the "testimony and evidence presented by" plaintiff and his counsel. The court stated, "Taken as a whole, Plaintiff did not meet his burden by *clear and convincing evidence* that unlawful harassment occurred and that the course of conduct was expected to continue, absent the issuance of a restraining order. [Citation.] The court made oral findings as to the veracity of Plaintiff's oral testimony and the lack of congruence and alignment with video evidence presented pertaining to the same discrete incidents upon which the request was sought. The parties have a separate civil action over a protracted business dispute that is not the subject of the case at bar. In that action, the parties are represented by different counsel and would not need to be in contact with each other." (Boldface omitted.)

In the written order, the trial court further stated that at a hearing on a request for a civil harassment restraining order, "the court shall receive any testimony that is relevant and may make an independent inquiry." Regarding the case before it, the court explained

5

as follows, "After hearing verbal testimony under oath and considering Plaintiff's supporting video clips (visual only, no audio as there was no transcript of the audio from Chinese to English), as well as admissions that there had not been any contact with him or his business by the defendant, the court did not find the evidence supported the issuance of a civil harassment restraining order. [Defense counsel] chose to not cross examine Plaintiff and instead made an oral motion under [section 581c] for judgment of nonsuit; arguing Plaintiff did not meet their burden. Plaintiff's objection to the oral motion and to not having requisite notice of the motion is moot as notwithstanding [defendant's] motion, the court's findings and ruling stand. [Plaintiff's] request for a permanent restraining order is DENIED; the temporary orders will expire on their own terms." (Boldface omitted.)

Plaintiff filed a notice of appeal.[5]

## II. DISCUSSION

On appeal, plaintiff contends that the trial court erred in muting the sound for a video exhibit that was played at the hearing. Second, he argues that the court abused its discretion by excluding "key evidence," including other recordings and e-mails. Third, plaintiff contends that the trial court "prematurely" granted defendant's motion for nonsuit before plaintiff could complete his case. Fourth, plaintiff argues that a nonsuit motion may be inappropriate in a civil harassment restraining order proceeding, and that the court otherwise erred in granting the motion in this case.

---

[5] A party may appeal from "an order granting . . . an injunction, or refusing to grant . . . an injunction." (§ 904.1, subd. (a)(6); see *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 187 [determining that the grant of a civil harassment restraining order "is appealable as an appeal from an order granting an injunction" under § 904.1, subd. (a)(6)].) We construe plaintiff's notice of appeal as an appeal from the trial court's November 19, 2024 written order denying his request for a civil harassment restraining order. (See Cal. Rules of Court, rule 8.104(c)(2) [providing that "if the minute order directs that a written order be prepared, the entry date [of an appealable order] is the date the signed order is filed"]; all further rule references are to the California Rules of Court.)

6

Defendant has a filed a motion for sanctions regarding plaintiff's appeal. He contends that plaintiff's appeal is frivolous and was taken for the purpose of harassing defendant.

Before considering the parties' contentions, we first provide an overview of section 527.6, the statute under which plaintiff requested a civil harassment restraining order. We then set forth general appellate rules regarding an appellant's burden to show error with an adequate record. With this framework in mind, we will analyze the substance of plaintiff's appeal before turning to defendant's motion for sanctions.

**A.** *Civil Harassment Restraining Order Under Section 527.6*

Section 527.6 "enables a victim of 'harassment' to 'seek a temporary restraining order and an order after hearing prohibiting harassment.' . . . [S]ection 527.6 provides 'for the issuance of a temporary restraining order without notice . . . on the same day that the petition is submitted to the court' [citation] and generally requires the court to hold a hearing on the petition within 21 days [citation]." (*Olson v. Doe* (2022) 12 Cal.5th 669, 677 (*Olson*).) "At the hearing, the judge shall receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment."
(§ 527.6, subd. (i).)

Section 527.6 "was intended to ' "establish an expedited procedure for enjoining acts of 'harassment' " ' in order ' "to provide quick relief to harassed persons." ' [Citation.]" (*Olson*, *supra*, 12 Cal.5th at p. 677.) " 'The quick, injunctive relief provided by section 527.6 "lies only to prevent threatened injury"—that is, future wrongs'—and 'is not intended to punish the restrained party for past acts of harassment.' [Citations.]" (*Id.* at p. 678.)

"[S]ection 527.6 from its inception has required the Judicial Council to develop forms for use in these proceedings [citation], and current law requires that '[t]he petition and response forms . . . be simple and concise, and their use by parties in actions brought

pursuant to [section 527.6] is mandatory' [citation]." (*Olson*, *supra*, 12 Cal.5th at p. 678.)

### B. *Burden on Appeal and Adequacy of Record*

On appeal, " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; accord, *In re Julian R.* (2009) 47 Cal.4th 487, 498-499 (*Julian R.*).) In other words, "the burden is on an appellant to demonstrate . . . that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).)

The appellate presumption of correctness includes a presumption that the trial court was " ' "aware of and followed the applicable law." ' [Citation.]" (*Julian R.*, *supra*, 47 Cal.4th at p. 499.) In addition, if " ' "any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.]" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*).)

An appellate court's review is generally "confined . . . to the proceedings which took place in the court below and are brought up for review in a properly prepared record on appeal [citation]." (*USLIFE Savings & Loan Assn. v. National Surety Corp.* (1981) 115 Cal.App.3d 336, 343.) Consequently, to affirmatively show error, the appellant has "the burden . . . to provide an adequate record to assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 (*Maria P.*).) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson*, *supra*, 5 Cal.5th at p. 609.) In other words, " ' "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.]" (*Ibid*.)

8

On appeal, the appellant must "[p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).) An appellant's "[a]llegations of fact relative to transactions at a trial which are not in the record, but only in the briefs, cannot be considered by an appellate court." (*Dryer v. Dryer* (1964) 231 Cal.App.2d 441, 451 (*Dryer*); accord, *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 463 (*Ehman*) [explaining that "[m]atter which does not appear in the record may not be considered by an appellate court upon the suggestion of counsel in their briefs"].) In other words, " 'if it is not in the record, it did not happen.' " (*Jameson*, *supra*, 5 Cal.5th at p. 609, fn. 11.)

Practically speaking, and depending on the type of error being raised on appeal, this means that an appellant generally must provide a reporter's transcript of the oral proceedings. (*Foust*, *supra*, 198 Cal.App.4th at p. 186.) Alternatively, the appellant may provide an agreed or settled statement. (*Ibid.*)

"In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. [Citations.]" (*Foust*, *supra*, 198 Cal.App.4th at p. 186; accord, *Jameson*, *supra*, 5 Cal.5th at p. 608.) For example, in *Foust*, this court found the appellant's showing insufficient in an appeal after a court trial, where no reporter's transcript or other adequate statement of the evidence was provided. (*Foust*, *supra*, at pp. 183-184, 186-188.) Similarly, in *Hodges v. Mark* (1996) 49 Cal.App.4th 651, the appellate court determined that the absence of a reporter's transcript precluded the appellant from raising evidentiary issues regarding a judgment of nonsuit. (*Id.* at p. 657.)

Lastly, a party must provide an adequate citation to the record to support a reference to the record. (Rule 8.204(a)(1)(C).) "If a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*).)

9

## C. *Plaintiff's Appeal*

### 1. Exclusion of audio portion of video recording

Plaintiff contends that the trial court erred in muting the sound for a video exhibit that was played at the hearing. Plaintiff's argument fails because it is not supported by the record before us.

The minute order reflects that plaintiff's counsel "requested the Court to continue the trial to allow him time to retain an interpreter to prepare a transcription from [M]andarin to [E]nglish language in Plaintiff's video exhibit." Defense counsel objected "to this request." Thereafter, without objection from defense counsel, plaintiff's counsel provided the court "with his laptop," and the court reviewed the video with the "audio off." In the court's subsequent written order denying plaintiff's request for a restraining order, the court stated that it considered plaintiff's "supporting video clips (visual only, no audio as there was no transcript of the audio from Chinese to English) . . . ."

On appeal, plaintiff contends that the video reflects defendant shouting in Mandarin, " 'You're dead! You're dead!' " a few moments before defendant accelerated his vehicle at plaintiff and his counsel. Plaintiff argues that the trial court abused its discretion in excluding the audio portion of the video because it "captured a direct verbal threat" and was "critical" to his claim.

Plaintiff also contends that at the hearing, he "requested that the interpreters [already present at the hearing] provide a live translation of the audio portion, while [defendant] requested a transcript." Plaintiff contends that he "argued that there was neither sufficient time nor a viable opportunity to obtain a certified translated transcript . . . ." The court, according to plaintiff, denied his "request for live translation and instead proceeded to mute the audio portion of the recording."

Under the long-standing law governing appeals that we describe earlier in this opinion, we cannot consider plaintiff's asserted description of the video content: " '[I]f it is not in the record, it did not happen.' " (*Jameson*, *supra*, 5 Cal.5th at p. 609, fn. 11.)

10

Plaintiff fails to provide citations to the record itself that support his arguments on appeal. (Rule 8.204(a)(2)(C) [requiring that facts be "limited to matters in the record"]; *Jameson*, *supra*, at p. 609, fn. 11; *Ehman*, *supra*, 221 Cal.App.2d at p. 462; *Dryer*, *supra*, 231 Cal.App.2d at p. 451; see also *Duarte*, *supra*, 72 Cal.App.4th at p. 856 [explaining that an argument on appeal will be deemed waived if the party fails to support the argument "with the necessary citations to the record"].) For example, nothing in the record on appeal indicates that plaintiff made an offer of proof that the content of the video contained threats by defendant. (See *Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1086 (*Malatka*) [explaining that "to obtain appellate review of a ruling excluding evidence, its proponent must have made know[n] to the [trial] court '[t]he substance, purpose, and relevance of the excluded evidence . . . by the questions asked, an offer of proof, or by any other means' "]; Evid. Code, § 354, subd. (a).) Similarly, nothing in the record supports plaintiff's contention that he requested a "live translation of the audio portion" of the video by the translators who were present at the hearing. To the contrary, the minute order reflects that he "requested the Court to continue the trial to allow him time to retain an interpreter to prepare a transcription from [M]andarin to [E]nglish language in Plaintiff's video exhibit." Lastly, the record reflects that without any objection from either party, the court watched the video on plaintiff's counsel's laptop with the "audio off."

On this record, plaintiff fails to meet his burden of showing error with respect to the trial court watching the video with the sound off.

### 2. Exclusion of other evidence

Plaintiff contends that the trial court abused its discretion by excluding "key evidence." Such evidence, according to plaintiff, included: (1) videos of defendant's "initial trespass and threats at the store"; (2) "email correspondence from Venmo confirming that funds were deducted from [plaintiff's] account and refunded to [defendant]"; (3) a "recorded conference call between Venmo," defendant, and plaintiff's

11

counsel; and (4) "an email from [defendant] in which he threatened to press forgery charges against [plaintiff]."

Plaintiff fails to meet his burden of showing error. He does not provide record citations supporting his factual assertions, including that he requested admission of the evidence and that the trial court denied his request. (Rule 8.204(a)(1)(C), (2)(C); *Jameson*, *supra*, 5 Cal.5th at p. 609, fn. 11; *Ehman*, *supra*, 221 Cal.App.2d at p. 462; *Dryer*, *supra*, 231 Cal.App.2d at p. 451; *Duarte*, *supra*, 72 Cal.App.4th at p. 856.) The record on appeal is also inadequate to assess whether the exclusion of any of the evidence by the trial court was erroneous. We therefore determine that plaintiff fails to meet his burden of showing error regarding the purported exclusion of evidence. (See *Maria P.*, *supra*, 43 Cal.3d at p. 1295; *Jameson*, *supra*, at p. 609; *Duarte*, *supra*, at p. 856.)

### 3. Timing of grant of nonsuit

Plaintiff contends that the trial court "prematurely" granted defendant's motion for nonsuit after plaintiff testified but before he could "complete" his case. According to plaintiff, he intended to present testimony from defendant and another witness. Plaintiff contends that he was denied due process.

Plaintiff fails to demonstrate error. The minute order reflects the following chronology of events leading up to the oral grant of the nonsuit motion: (1) plaintiff testified, (2) "[n]o further witnesses to be called by the [p]laintiff," (3) plaintiff "submitted," (4) "[n]o witnesses to be called by the [d]efense," (5) defense counsel made "an oral motion for nonsuit," (6) "[t]he matter is argued," (7) "[c]losing argument" by plaintiff's counsel, (8) "[c]losing argument" by defense counsel, (9) "[b]oth parties have submitted," (10) the trial court "takes a 15-minute recess," and (11) back on the record the court denied the request for a restraining order and granted the motion for nonsuit. In sum, the record reflects that after plaintiff completed his testimony, he did not seek to call any additional witnesses, he finished presenting his case, and defendant declined to present any testimony, all before the court entertained the motion for nonsuit by

12

defendant. Nothing in the record indicates that the court prevented plaintiff from presenting testimony from other witnesses or otherwise "prematurely" granted the motion for nonsuit.

Plaintiff contends that the minute order is "inaccurate" and "illogical." He argues that upon the grant of a nonsuit motion in civil litigation, no further proceedings occur. He contends that in this case, "[t]he record does not support the trial court's statement that a closing argument occurred, and [plaintiff] contends that they never made a closing argument." Plaintiff also argues that he "never explicitly stated that they were resting" although the minute order indicated that he was not calling any further witnesses and that he had submitted the matter. Plaintiff contends that he "intended to call" defendant and another witness to testify, both of whom were listed on defendant's own witness list.

Plaintiff fails to demonstrate, with citations to the record, that the minute order is inaccurate. (Rule 8.204(a)(2)(C) [requiring that facts be "limited to matters in the record"]; *Jameson*, *supra*, 5 Cal.5th at p. 609, fn. 11 [noting that " 'if it is not in the record, it did not happen' "].) For example, nowhere in the record is there any indication that plaintiff sought to call any other witness to testify after he concluded his own testimony. Indeed, "[t]he record above summarized contains no indication whatever that the trial judge brought the [hearing] to a premature conclusion or that [the court] rejected any offer of proof by [plaintiff]." (*Ehman*, *supra*, 221 Cal.App.2d at p. 462.) To the extent plaintiff argues on appeal that the minute order does not completely recite what occurred at the proceeding, we observe that "[m]atter which does not appear in the record may not be considered by an appellate court upon the suggestion of counsel in their briefs." (*Id.* at p. 463; accord, *Dryer*, *supra*, 231 Cal.App.2d at p. 451 [explaining that "[a]llegations of fact relative to transactions at a trial which are not in the record, but only in the briefs, cannot be considered by an appellate court"].)

We are also not persuaded by plaintiff's contention that the minute order is "illogical." The minute order reflects that after the nonsuit motion was made by

13

defendant and argued by the parties, the court, instead of immediately ruling on the motion, allowed the hearing to proceed with closing arguments before taking a recess. The court then separately ruled on each issue then pending – whether nonsuit should be granted and, regardless of whether nonsuit should be granted, whether plaintiff met his burden for issuance of a restraining order. The minute order is not "illogical" in this regard.

We also find no inconsistency between the minute order for the hearing and defendant's witness list, which was filed before the hearing commenced. The fact that defendant's witness list reflects his prehearing intent to testify and his prehearing intent to call other witnesses does not demonstrate that the minute order is erroneous in reflecting that at the hearing, no party actually called any additional witnesses to testify after the conclusion of plaintiff's testimony.

In sum, plaintiff fails to demonstrate with supporting citations to the record that the trial court improperly prevented him from presenting additional witness testimony after his own testimony concluded, or otherwise prematurely granted defendant's motion for nonsuit. (See *Maria P.*, *supra*, 43 Cal.3d at p. 1295; *Jameson*, *supra*, 5 Cal.5th at p. 609; *Duarte*, *supra*, 72 Cal.App.4th at p. 856.)

### 4. Propriety of grant of nonsuit

In addition to claiming error as to the timing of the grant of nonsuit, plaintiff also contends that the trial court erred in granting nonsuit for the following reasons: First, nonsuit motions "may not apply" and use of them "is highly questionable" in civil harassment restraining order proceedings. Second, the trial court applied the wrong legal standard—that is, clear and convincing, rather than viewing the evidence in the light most favorable to plaintiff—in ruling on defendant's motion for nonsuit. (See *Castaneda v. Olsher* (2007) 41 Cal.4th 1205, 1214.) Third, plaintiff "established a prima facie case sufficient to survive a motion for nonsuit." Fourth, in connection with the nonsuit

motion, plaintiff was not given sufficient notice or opportunity to cure any defect in his case by introducing additional evidence.

We need not reach these issues as any claimed error in the trial court's purported ruling on the nonsuit motion would not require reversal of the trial court's separate and independent ground for denying plaintiff's request for a restraining order, that is, plaintiff's failure to meet his burden of proof for issuance of the restraining order. The minute order reflects that at the conclusion of the November 18, 2024 hearing, the trial court made two independent oral rulings: (1) defendant's motion for nonsuit was granted, and (2) plaintiff's request for a civil harassment restraining order was denied on the ground that he failed to meet his burden. According to the minute order, "[t]he Court stated that even if [d]efense counsel did not make the oral motion [for nonsuit] . . . , the Court stands by [its] ruling that [p]laintiff failed to meet their burden." The minute order indicated that the court would prepare a written order.

In the trial court's November 19, 2024 final written order, the trial court denied plaintiff's request for a civil harassment restraining order. The court expressly ruled that plaintiff "did not meet his burden by clear and convincing evidence that unlawful harassment occurred and that the course of conduct was expected to continue, absent the issuance of a restraining order." (Boldface and italics omitted.) The court explained the basis for its ruling, including referring to certain evidence, in the second and third paragraphs of its written order. At the end of the third paragraph, the court stated that plaintiff's objections to the nonsuit motion were "moot" and that "the court's findings and ruling stand," in apparent reference to the court's findings and ruling in the second and third paragraphs regarding plaintiff's failure to meet his burden of proof for issuance of a restraining order.

The record therefore reflects that the trial court made an independent ruling that plaintiff failed to meet his burden of proving by clear and convincing evidence that he was entitled to a civil harassment restraining order. (See § 527.6, subd. (i).) Plaintiff on

15

appeal has not demonstrated error by the court in denying his restraining order request in this regard. Therefore, even assuming the court erroneously orally granted the nonsuit motion at the conclusion of the November 18, 2024 hearing (an issue we need not and do not decide here), plaintiff fails to show error with respect to the court's separate basis for denying the request for a restraining order—that is, plaintiff's failure to meet his burden of proving by clear and convincing evidence that unlawful harassment exists (see *id.*, subd. (i)). Plaintiff in this court thus fails to meet his burden of showing reversible error. (See *Jameson*, *supra*, 5 Cal.5th at p. 609 [explaining that "the burden is on an appellant to demonstrate . . . that the trial court committed an error that justifies reversal of the judgment"].)

### D. *Defendant's Motion for Sanctions*

Defendant has filed a motion for sanctions, contending that plaintiff's appeal is frivolous and was taken to harass defendant. Defendant seeks sanctions in the amount of his attorney's fees, plus interest at a "rate of 10% per annum from the date of the judg[]ment." In support of the sanctions motion, defense counsel has filed a declaration detailing the amount of fees generated by this appeal.

In opposition, plaintiff acknowledges that the record on appeal was limited without a reporter's transcript, but he observes that the record included a minute order detailing the proceedings. He contends that the appeal was filed in good faith and raised issues that concerned the fairness of the proceedings.

An appellate court may impose sanctions against a party or an attorney for an appeal that is frivolous or taken solely for delay. (§ 907; rule 8.276(a)(1).) As explained by the California Supreme Court, "an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 (*Flaherty*).) The California Supreme

16

Court has cautioned, however, that sanctions "should be used most sparingly to deter only the most egregious conduct." (*Id*. at p. 651.) The court has further explained that "[a]n appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Id*. at p. 650.)

We determine that the appeal does not justify sanctions. Based on the record before us, we do not find that the appeal was taken with an improper motive, or that this is a case of sufficiently "egregious conduct." (*Id*. at p. 651.) Accordingly, following the direction of our Supreme Court that sanctions "should be used most sparingly," we deny the motion for sanctions by defendant. (*Ibid.*)

### III. DISPOSITION

The order denying plaintiff Dalong Zhang's request for a civil harassment restraining order is affirmed. Defendant Haoyu Tang's motion for sanctions is denied. Costs on appeal are awarded to defendant Tang.

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.


_____
Wilson, J.


H052742 Zhang v. Tang